956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary R. HARVEY; Bernice C. Harvey, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.
 No. 91-70283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary and Bernice Harvey appeal pro se the tax court's dismissal for failure to state a claim of their petition for redetermination of tax deficiencies for tax years 1982 through 1986. The tax court found that the Harveys failed to allege any specific assignments of error in the Commissioner of Internal Revenue's ("Commissioner") calculation of their tax deficiency, as required under Tax Court Rule 34(b)(4) and (5). The tax court upheld the Commissioner's deficiency determinations and penalties and additions, and imposed damages against the Harveys pursuant to 26 U.S.C. § 6673. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo, Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988), and affirm the tax court's decision, as well as its imposition of damages. In addition, we award sanctions of $1,500 against the Harveys pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.[1]
 
 
 3
 The Commissioner's deficiency determinations are presumed correct, and the petitioner bears the burden of proving them incorrect in a proceeding in tax court. Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). The petitioner is required to give clear and concise assignments of each error allegedly committed by the Commissioner in its determination of deficiency, and clear and concise statements of the facts which support the assignments of error. 26 U.S.C. § 7453 Tax Ct.R. 34(b)(4), (5).
 
 
 4
 Here, the Harveys raised a litany of arguments in their petition for redetermination. They argued that the notices of deficiency were procedurally improper, the notices were not properly signed, the authority to issue the notices was not properly delegated, no formal determination of tax liability was made, the information upon which the deficiencies were based was unlawfully collected, the documents used to collect information did not have Office of Management and Budget ("OMB") control numbers, the deficiencies were based on unlawfully prepared returns, the assessments violated the statute of limitations, they had no foreign earned income, the Commissioner did not allow the Harveys all deductions to which they were entitled, and the Commissioner erroneously assessed penalties and additions to tax.
 
 
 5
 The tax court correctly found that most of these arguments were frivolous. The notices of deficiency were properly issued and signed. See 26 U.S.C. 6212(a), 7701(a)(11)(B), (12)(A); Treas.Reg. § 301.6212-1(a); Scar v. Commissioner, 814 F.2d 1363, 1367 (9th Cir.1987). The authority to issue the notices of deficiency was properly delegated. See United States v. Saunders, 951 F.2d 1065, 1067-68 (9th Cir.1991). The Harveys were not entitled to a hearing prior to the deficiency determinations, and were not denied due process. See Wilcox, 848 F.2d at 1008. Because the Harveys did not file returns, the Commissioner was authorized to prepare returns on their behalf and the assessments were not barred by the statute of limitations. See 26 U.S.C. §§ 6020(b), 6501(c)(3); Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir.1988). The information used to determine the Harveys' deficiencies was properly collected from forms W-2 and 1099. See 26 U.S.C. § 7602(a)(1). The documents used by the Commissioner to collect information are not required to have OMB numbers. See Saunders, 951 F.2d at 1066-67.
 
 
 6
 The only arguable claims in the petition were that the Harveys were entitled to additional deductions and the additions and penalties were erroneously assessed. However, the Harveys failed to allege specific errors and supporting facts with regard to these issues. See 26 U.S.C. § 7453 Tax Ct.R. 34(b)(4), (5). Thus, the tax court correctly dismissed the petition for failure to state a claim. See Hokanson, 730 F.2d at 1249.
 
 
 7
 The tax court imposed damages of $3,000 against the Harveys pursuant to 26 U.S.C. § 6673 for bringing a frivolous action in tax court. Because we agree with the tax court that the Harveys' petition was frivolous, we find that the tax court did not abuse its discretion in imposing these damages. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam).
 
 
 8
 The Commissioner requests sanctions against the Harveys for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. The Harveys' claims are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Harveys' motion to strike the Commissioner's brief is hereby denied