680 F.2d 54
 82-2 USTC P 9431
 UNITED STATES of America and Norman Jorgenson, Agent of
Internal Revenue Service, Appellees,
v.
Castle NORCUTT, Pastor and Life Science Church of America,
Chapter 10075, Appellants.
 No. 81-2347.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 9, 1982.
Decided June 15, 1982.
 
 Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, R. Russell Mather, Attys., Tax Div., Dept. of Justice, Washington, D. C., for Appellees; James M. Rosenbaum, U. S. Atty., Minneapolis, Minn., of counsel.
 Castle Norcutt, pro se.
 Before BRIGHT, Circuit Judge, and STEPHENSON and HENLEY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 This is the second time that this tax dispute has been before this court. On October 5, 1979, an agent of the IRS served a summons on Castle Norcutt as pastor of the Life Science Church of America. The summons requested information pertaining to that church's possible tax liability for 1977 and 1978. The church and Norcutt appealed the district court's judgment ordering enforcement of the summons. Although this court rejected several of appellant's arguments, it was concerned that the summons might be over broad and might infringe the First Amendment rights of appellants. Accordingly, this court vacated the judgment of enforcement and remanded the case to the district court for further proceedings. United States v. Life Science Church of America, 636 F.2d 221 (8th Cir. 1980).
 
 
 2
 On remand, the district court[1] referred the case to a magistrate for a hearing. After the hearing, the magistrate concluded that several of the requested items made the summons over broad and that the IRS did not need all of the summonsed documents. However, the magistrate found that the IRS, in order to determine appellants' tax status and to determine whether they received unrelated business income, required seven of the fourteen requested items.[2] The magistrate further found that the summons was not over broad if limited to those seven items. The district court adopted, without change, the magistrate's report and recommendation and ordered enforcement of the narrowed, seven-item summons.
 
 
 3
 Appellants again raise First Amendment issues.
 
 
 4
 The magistrate carefully analyzed the question whether enforcement as to the seven items infringed on the First Amendment rights of appellants. He found, with record support, that respondents asserted a fear or dread of IRS on the part of church members and in substance that respondents feared the IRS investigation would discourage membership activity. He also found that there was no showing that the respondent church is an unpopular organization either politically or socially. The record reflects that there is no present threat of harassment of respondents as tax protestors other than the generalized dread, undoubtedly shared by many taxpayers, of investigation by the IRS.
 
 
 5
 On this record we cannot conclude that any significant First Amendment infringement is involved.
 
 
 6
 We agree with the magistrate and the district court that with respect to some of the items the summons was over broad and in the circumstances we are unable to find improper overbreadth in the seven remaining items.
 
 
 7
 It follows from review of the briefs and record that the judgment of the district court is supported by substantial evidence and that no error of law appears. Thus, the judgment appealed from is affirmed. See Eighth Circuit Rule 14.
 
 
 8
 Affirmed.
 
 
 
 [1]
 The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota
 
 
 [2]
 The magistrate concluded that items 4, 6, 7, 10, 11 and 12 made the summons over broad. The magistrate recommended enforcement of summons items 1, 2, 5, 8, 9, 13 and 14. Appellants have already complied with item 3. See United States v. Life Science Church of America, 636 F.2d 221, 223 n.2 (8th Cir. 1980), for the specific language of the summons