**Thomas M. KERR, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 85–4123.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 3, 1986 *.

Decided Oct. 7, 1986.

---

* The panel was unanimously of the opinion that oral argument was not required in this case.

Fed.R.App.P. 34(a).

Thomas M. Kerr, Marion, Ind., for petitioner-appellant.

Roger M. Olsen, Acting Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Matthew J. Anderton, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before SNEED, KENNEDY, and BEEZER, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant Kerr appeals from the district court's order denying Kerr's motion to quash two summonses issued by the Internal Revenue Service (IRS) to two Montana banks and granting summary enforcement of the summonses. The summonses, issued in the course of an investigation of Kerr's individual tax liability (and that of his wife), direct the banks to produce various documents concerning accounts in the Kerrs' names, or over which they have signatory authority, or upon which they are named as trustee and/or beneficiary.

In *United States v. Trader's State Bank*, 695 F.2d 1132 (9th Cir.1983), we considered the validity of summonses prepared in the course of the same investiga-tion that gives rise to the summonses at issue here. In that case we vacated the summonses as overbroad because they called for the disclosure of all banking transactions of the Life Science Church of Billings, Montana, of which the Kerrs are founders and trustees, and were not limited to transactions related to the Kerrs. *See* 695 F.2d at 1133.

Kerr contends on appeal that the summonses are overbroad because their enforcement will still result in the disclosure of all church banking records; that enforcement of the summonses will violate his first amendment freedoms of religion and association, or those of the Life Science Church; that the summonses were issued in bad faith; that the enabling statute for the summonses, the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), is unconstitutional; that the statute of limitations has expired on the investigation; and that the IRS has no jurisdiction to investigate him.

We examine the district court's order to determine whether it was clearly erroneous, *see Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir.1985), and find that it was not.

We note initially that with the summonses issued in the instant case, the government has successfully addressed the concerns that motivated this court to vacate the summonses in the *Trader's State Bank* case. By narrowing the summonses to encompass accounts that the Kerrs controlled, and thus to exclude documents and records that "solely concern the Church," the government has established the requisite relation between the documents sought and the "legitimate governmental end of assessing the Kerrs' tax liability." *Trader's State Bank*, 695 F.2d at 1133; *see United States v. Grayson County State Bank*, 656 F.2d 1070, 1074 & n. 5 (5th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982).

The government, through the affidavit of its agent, William Beaman, has made a prima facie showing that the investigation

is being conducted for a proper purpose, that the material sought is relevant to that purpose and not already possessed by the IRS, and that the administrative steps required by the IRS have been followed. *See United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254, 255, 13 L.Ed.2d 112 (1964); *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir.1985). Thus the burden is on Kerr to show an abuse of process. *See Powell*, 379 U.S. at 58, 85 S.Ct. at 255; *Liberty Financial Services*, 778 F.2d·at 1392. We find that Kerr has not met this burden.

██ Because the IRS is investigating his individual tax liability, and not that of the church, Kerr's claim that the summons is overbroad because it does not comply with the restrictions of 26 U.S.C. § 7611 (formerly section 7605) is inapposite. Those provisions apply only when the government is investigating the tax liability of a church. *See* 26 U.S.C. § 7611(h)(2).

██ Kerr's first amendment claims fail because he has made no showing that the summonses will burden the exercise of religious beliefs by himself or anyone else, *see, e.g., Grayson County State Bank*, 656 F.2d at 1074, and because he has not shown that enforcement of the summonses will, by requiring disclosure of the names of church members, infringe his right of freedom of association, or that of his church or its members. Even if Kerr has standing to raise such claims, his reference to an IRS manual on illegal tax practices is not sufficient to show that his church is "unpopular . . . either politically or socially," or that a chill on membership in the organization would transcend "the generalized dread, undoubtedly shared by many taxpayers, of investigation by the IRS." *United States v. Norcutt*, 680 F.2d 54, 56 (8th Cir.1982).

██ Kerr contends that the summonses were issued in bad faith because they were issued after a recommendation for criminal prosecution had been madè to regional counsel for the IRS in Salt Lake City. This claim is meritless because, as 26 U.S.C. § 7602(c) makes clear, the relevant point after which a summons may not issue is when a recommendation for criminal prose-

cution is made to the Department of Justice. Before that point, which was not reached in this case, the issuance of a summons will not be considered to be in bad faith merely because the IRS is considering criminal prosecution. *See United States v. Lasalle National Bank*, 437 U.S. 298, 311–12, 98 S.Ct. 2357, 2364–65, 57 L.Ed.2d 221 (1978).

Kerr's claim that TEFRA is unconstitutional has repeatedly been rejected by this court. *See, e.g., Hudson v. United States*, 766 F.2d 1288, 1291–92 (9th Cir.1985); *Armstrong v. United States*, 759 F.2d 1378, 1380–82 (9th Cir.1985).

Kerr's claim that the statute of limitations has run is spurious in light of the exceptions created by the statute for false or fraudulent returns or for failure to file a return, in which instances there is no statute of limitations. *See* 26 U.S.C. § 6501(c); *Powell*, 379 U.S. at 52–56 & 56 n. 15, 85 S.Ct. at 57 n. 15.

Kerr's contention that the government lacks jurisdiction to investigate him is likewise frivolous. *See* 26 U.S.C. §§ 7601, 7602.

The decision of the district court is AFFIRMED.