976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William S. GREEN, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-35955.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William S. Green, Jr. appeals pro se the district court's denial of his motion to quash an Internal Revenue Service ("IRS") summons served on a third-party recordkeeper and grant of the IRS's petition to enforce the summons. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 The IRS issued its third-party summons as part of its investigation of Green's tax liability for tax years 1984 through 1989. Green sought to quash the summons. The district court denied his motion and granted the IRS's petition to enforce the summons. The summons directed Key Bank, the third-party recordkeeper, to produce various documents relating to bank accounts in Green's name including any Alaskan Church Ministries ("ACM") accounts over which he had signatory authority or for which he was a named trustee or beneficiary.[1]
 
 II
 Merits
 
 5
 We review the district court's denial of a motion to quash an IRS summons for clear error. See United States v. Saunders, 951 F.2d 1065, 1066 (9th Cir.1991); Kerr v. United States, 801 F.2d 1162, 1164 (9th Cir.1986).
 
 
 6
 On appeal, Green contends that enforcement of the summons will violate his first amendment freedoms of religion and association as well as the first amendment rights of any contributors to ACM. This contention lacks merit.
 
 
 7
 First, the IRS, by affidavit, made a prima facie showing that (1) the summons was for the legitimate purpose of investigating Green's tax liability, (2) the material being sought was relevant to the investigation, (3) the information was not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code had been followed. By making this prima facie showing, the IRS met its burden of supporting the petition for enforcement of the summons and shifted the burden to Green to show that the summons was issued for an improper purpose or was otherwise deficient. See United States v. Powell, 379 U.S. 48, 57-58 (1964); Saunders, 951 F.2d 1067; Kerr, 801 F.2d at 1163-64.
 
 
 8
 Second, by narrowing the scope of the summons to include only ACM accounts over which Green had signatory authority or for which he was a named trustee or beneficiary, the scope of the summons was not overbroad. See Kerr, 801 F.2d at 1163 (affirming the scope of a similar IRS summons).
 
 
 9
 Finally, Green's "first amendment claims fail because he has made no showing that the summons [ ] will burden the exercise of religious beliefs by himself or anyone else ... and because has not shown that enforcement of the summons will, by requiring the disclosure of the names of church members, infringe his right of freedom of association, or that of his church or its members." Id. at 1164.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The original summons sought information relating to all accounts held by the ACM. In response to Green's motion to quash, however, the IRS suggested limiting the breadth of the summons to only those ACM accounts over which Green had signatory authority or for which he was a named trustee or beneficiary. The district court's order reflects this limitation on the summons's scope