985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John MILLER; Mary J. Miller, Defendants-Appellants,
Jerome County, Defendant-Appellee.
 No. 91-35896.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1993.*
Decided Jan. 29, 1993.
 
 Appeal from the United States District Court for the District of Idaho; No. CV-87-01274-HLR, Harold L. Ryan, District Judge, Presiding.
 D.Idaho.
 AFFIRMED.
 Before KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Millers appeal from the district court's entry of judgment in favor of the government in the latter's action to reduce to judgment the Millers' unpaid federal income tax assessments for tax years 1974 through 1982 and to foreclose its tax liens against the Millers' real property. We affirm the district court and impose sanctions of $1,500 against the Millers for bringing this frivolous appeal.
 
 
 3
 The Millers' argument that they are not subject to federal income taxes is wholly without merit, see United States v. Nelson, 885 F.2d 547, 548-49 & n. 2 (9th Cir.1989), as is their contention that the district court lacked jurisdiction over them and this action. See United States v. Saunders, 951 F.2d 1065, 1068-69 (9th Cir.1991). Their insistence that the Certificates of Assessment were hearsay and therefore inadmissible is also wrong. See Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir.1992) (applying Fed.R.Evid. 803(8)); United States v. Neff, 615 F.2d 1235, 1241-42 (9th Cir.) (applying Fed.R.Evid. 803(10)), cert. denied, 447 U.S. 925 (1980).
 
 
 4
 Because the Millers received timely and proper notice as required by 26 U.S.C. § 6303(a), we reject their arguments concerning the form and sufficiency of the IRS's assessments and summaries as being devoid of merit. See Hughes, 953 F.2d at 535, 536. We find equally meritless their contentions surrounding the purported lack of any proper delegation of authority for the commencement of the instant action. See 26 C.F.R. §§ 301.6331-1, 301.7701-9; Hughes, 953 F.2d at 536.
 
 
 5
 The Millers' argument that the district court erred by granting partial summary judgment in favor of the government is likewise meritless. We have long recognized that, so long as the government offers substantive evidence that a taxpayer received income from the charged activity, the assessment bears a presumption of correctness. Weimerskirch v. C.I.R., 596 F.2d 358, 360-62 & nn. 7, 8 (9th Cir.1979). Having failed to offer anything other than specious legal arguments to rebut that presumption, the Millers cannot now complain about the propriety of the entry of summary judgment against them.[1] See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 We also reject the Millers' contention that the government commenced this action beyond the relevant statutory limitations period. See, e.g., 26 U.S.C. § 6502(a) (government has ten years (formerly 6 years) after assessment in which to bring collection action); Considine v. United States, 683 F.2d 1285, 1288 (9th Cir.1982) (no limitations period where taxpayer filed false or fraudulent return); Edwards v. C.I.R., 680 F.2d 1268, 1269-70 (9th Cir.1982) (per curiam) (same where taxpayer fails to file any return). Their First Amendment argument, regardless whether characterized as an infringement of their free exercise rights or a violation of their right to freedom of association, is similarly meritless. See, e.g., Kerr v. United States, 801 F.2d 1162, 1164 (9th Cir.1986).
 
 
 7
 The Millers also assert, for the first time on appeal, a host of other issues, e.g., their status as "belligerents", the alleged insolvency of the United States, etc. Even if we thought there might be some merit to these facially meritless arguments, we decline to address them. See, e.g., Big Country Foods, Inc. v. Board of Educ., 868 F.2d 1085, 1088 (9th Cir.1989).
 
 
 8
 In light of the obviously frivolous nature of this appeal, we grant the government's request for sanctions and award it $1,500 in damages against the Millers. See Cook v. Spillman, 806 F.2d 948, 949 (9th Cir.1986).
 
 
 9
 AFFIRMED with sanctions.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of the Millers' failure to comply with the dictates of the relevant Local Rules for the District of Idaho, we also reject their contention that they were denied adequate discovery