UNITED STATES of America,
Petitioner–Appellant,

and

Lori Nicholls, Internal Revenue
Agent, Petitioner,

v.

C.E. HOBBS FOUNDATION FOR RELI-
GIOUS TRAINING AND EDUCATION,
INC., Respondent–Appellee.

No. 91–36283.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1993.

Decided Oct. 12, 1993.

**170**

James A. Bruton, (then Acting Asst. Atty. Gen.), Gary R. Allen, Charles E. Brookhart, and Teresa E. McLaughlin (argued), all of the Tax Div., Dept. of Justice, Washington, DC (William D. Hylsop, then U.S. Atty., E.D. Wash., was listed on the Government's briefs as of counsel), for petitioner-appellant.

Robert E. Kovacevich, Robert E. Kovacevich, P.S., Spokane, WA, for respondent-appellee.

Before: FARRIS, FERGUSON, and D.W. NELSON, Circuit Judges.

FERGUSON, Circuit Judge.

The Internal Revenue Service (IRS) appeals from the district court's denial of the IRS' motion to enforce two summonses, one against C.E. Hobbs Foundation for Religious Training and Education, Inc. (Foundation) and the other against the Washington Trust Bank (Bank) as third party record keeper of the Foundation's financial records. The district court refused to enforce either summons because it found that the IRS had failed to show that the requested documents were necessary to determine whether the Foundation was liable for any taxes or to determine whether the Foundation actually was a church. *See* 26 U.S.C. § 7611(b)(1). We find that the district court clearly erred in determining that the IRS failed to make the required showing of necessity. In addition,

the district court erred in applying section 7611(b)(1) to the Bank summons. Therefore, we reverse the order denying enforcement of both summonses.

## I.  Background

Criminal investigations of the Foundation and subsequent newspaper reports prompted the IRS to believe that the Foundation was not tax-exempt because it was not being operated for religious purposes and because Foundation profits were inuring to private individuals. A search warrant obtained by local law enforcement officials alleged that one of the Foundation's central teachings was to encourage members to participate in "sharing," which consisted of sexual activity between adult church members and minors. A second search warrant alleged that the Foundation was selling beer and wine without a license. Subsequent newspaper reports described the Foundation's opulent grounds, nightclub-like furnishings, and weekend-long parties for members. One news report stated that the Foundation had transferred its assets to a trust, with Reverend Hobbs' son and his female companion as the sole trustees.

The IRS initiated a church tax inquiry on May 7, 1990, by sending the Foundation a notice of church tax inquiry, as required by 26 U.S.C. § 7611(a)(3), stating that the IRS had reason to believe that the Foundation might not be tax-exempt or might be liable for tax. The letter further stated that the IRS had reason to believe that the Foundation's character, purpose, or method of operation was different from that stated in its application for tax-exempt status, and that the Foundation was not organized or operated for an exempt purpose. The IRS indicated in the letter that its reasonable belief was based on the police investigations and newspaper articles discussed above.

On July 30, 1990, the IRS sent the Foundation a notice of examination, informing the Foundation that it had a right to a conference with IRS officials. *See* 26 U.S.C. § 7611(b)(2)–(3). The IRS included copies of all of the materials that it believed supported its reasonable belief in the necessity of the

inquiry and examination. Subsequently, two conferences were held at which the IRS requested the production of certain documents. The Foundation provided some, but not all of the materials requested by the IRS.

Not satisfied by the documents produced by the Foundation, the IRS issued two summonses, one to the Foundation and one to the Bank. The Foundation summons requests production of all of the church's accounting ledgers and journals, all records of church assets, all organizational and religious records, and all tax-related records. The Bank summons requests all financial records pertaining to the Foundation.

On January 22, 1991, the Foundation moved to quash both summonses, contending that the IRS had not demonstrated that the requested documents were necessary in determining liability, as required by the statute; that the IRS investigation violated the Foundation's constitutional rights; and that the investigation was being conducted for an improper purpose. On April 16, 1991, the IRS petitioned to enforce both summonses and opposed the petition to quash the bank summons.[1] The IRS argued that it had demonstrated that the documents were relevant to its investigation and that the statute requires only a showing of relevance. In the alternative, the IRS argued that if the standard required by the district court was higher than relevance, the IRS had demonstrated the requisite level of necessity.

The district court consolidated the motions concerning the two summonses and held a hearing. The district court granted the Foundation's petition to quash the summons for the Bank records and refused to enforce the summons for the Foundation records. *C.E. Hobbs Foundation for Religious Training and Educ. v. United States*, 1991 WL 338325, 1991 U.S.Dist. LEXIS 12818, 91–2 U.S.Tax Cas. (CCH) P 50444 (E.D.Wash. 1991). The IRS appeals from the district court's decision.

## II. The Foundation Summons

Section 7611 of the tax code affords churches special protections in the audit context. First, the IRS may initiate a church tax inquiry only if certain procedural requirements are met. 26 U.S.C. § 7611(a). These procedural requirements are the heart of the statute, in that they afford religious institutions extensive safeguards from having to defend an audit at all. After an inquiry has been validly initiated, the IRS may examine church records "to the extent necessary to determine liability. . . ." 26 U.S.C. § 7611(b)(1)(A). Likewise, the IRS may examine religious activities "to the extent necessary to determine whether the organization claiming to be a church is a church for any period." 26 U.S.C. § 7611(b)(1)(B).

The district court found that the IRS failed even to show that it was conducting a valid investigation. Thus as a threshold matter we must determine if the IRS properly initiated a church tax inquiry.

■ In its initial notice of church tax inquiry, the IRS stated in writing that it had reason to believe that the church was operating for purposes other than those that were tax-exempt, citing the criminal investigations, the newspaper articles, and the alleged transfer of church property to non-exempt entities as the reasons for its belief. The IRS then complied with all other procedural requirements of section 7611. No more is required of the IRS in order to initiate an inquiry. *See* 26 U.S.C. § 7611(a)(1)–(2). The district court stated that the IRS lacked sufficient "evidence" to prove that it was conducting a valid investigation, presumably because the district court felt the evidence was not sufficiently probative. It is clear from the statute that information relied on by the IRS in initiating a valid inquiry need provide the IRS with nothing more than a reasonable belief that an investigation is warranted. Thus we find that the district court erred in concluding that the IRS had failed

---

**1.** In its brief on appeal and in its petitions before the district court, the IRS contends that there is no jurisdiction over the Foundation's motion to quash the Foundation summons. The IRS appears to be correct that there is no statutory basis for the Foundation's motion to quash the Foundation summons. However, the point is academic since there is jurisdiction over the Foundation's opposition to the IRS' petition to enforce the Foundation summons, and the motions as to both summonses were consolidated by the district court.

to show that it was conducting a valid investigation.

The IRS contends that the district court erred in its interpretation of the statutory language governing church audits. This is a legal question which we review de novo. *United States v. Saunders*, 951 F.2d 1065, 1066 (9th Cir.1991).

■ The IRS argues that "to the extent necessary" in section 7611 means nothing more than that the IRS must show that the requested documents are relevant in determining liability. The district court disagreed and, following the reasoning of a First Circuit case, found that section 7611(b)(1) requires the IRS to " 'explain why the particular documents it seeks will significantly help to further the purpose of the investigation.' " (quoting *United States v. Church of Scientology of Boston, Inc.*, 933 F.2d 1074, 1079 (1st Cir.1991)).

Since the district court's decision, we have also held that section 7611(b)(1) requires something more than a showing of relevance. In *United States v. Church of Scientology Western United States*, 973 F.2d 715, 719 (9th Cir.1992), we upheld a district court's partial enforcement of an IRS summons where the district court required there to be " 'some showing that [the requested documents] contain the type of information which has a relation to the purposes of the examination set forth.' " *Id.* at 719 (citing to the district court order). We concluded that "[t]he district court did not err when it declined to enforce the summons with respect to categories which did not fall *directly and logically within [the] proper scope [of the examination]."* *Id.* at 721 (emphasis supplied). Thus the district court in the case at bar did not employ an incorrect standard when it held that section 7611(b)(1) requires more than a showing of mere relevance.

The IRS further contends that even if a showing greater than relevance is required

by section 7611, it has made that showing with respect to all of the requested Foundation documents. We review for clear error the district court's finding that the requested documents were not necessary within the meaning of 26 U.S.C. § 7611(b)(1). *Church of Scientology Western United States*, 973 F.2d at 721.

To show that the summoned Foundation documents are necessary, the IRS must (1) show that the purposes of its investigation are proper, and (2) explain how the particular documents, or categories of documents, (a) fall directly and logically within the scope of those purposes and (b) will help significantly to further an investigation within the scope of those purposes. *See Church of Scientology of Boston, Inc.*, 933 F.2d at 1079; *Church of Scientology Western United States*, 973 F.2d at 721.

■ The stated purposes of the IRS investigation are to determine (1) whether the Foundation was operating exclusively for religious purposes and (2) whether the Foundation's property was inuring to the benefit of private individuals. It is clear that the IRS' stated purposes are valid under the statute.[2] *See* 26 U.S.C. §§ 7611(a)(2)(A)–(B); *see also Church of Scientology Western United States*, 973 F.2d at 719.

■ IRS agent John Lien testified in detail as to how each category of documents would significantly help to further the valid purposes behind the IRS investigation. Agent Lien testified that records of the church's income are necessary to determine whether that income is related to the church's exempt function, or is generated by unrelated businesses. Similarly, records of the Foundation's expenditures are necessary to determine whether the Foundation is spending money for religious purposes, or for the purpose of socially entertaining a closed group of members. Examination of the

---

2. The Foundation argues that the IRS was conducting the church tax inquiry for the improper purpose of pursuing tax cases against individual members of the Foundation. The district court did not address this argument, presumably because it denied enforcement of both summonses. Because the IRS investigation is for a proper purpose, there is no reason, without further evi-

dence, to assume that simultaneous audits of individuals taint a church tax investigation. *Cf. Church of Scientology Western United States*, 973 F.2d at 722 (rejecting church's argument that investigation was being conducted for an improper purpose where the district court found that the IRS purpose was proper and the church's evidence failed to prove otherwise).

Foundation's expense records is also necessary to determine whether Foundation earnings are inuring to private individuals. The Foundation's organizational records are necessary for the IRS to determine whether the activities and events conducted by the Foundation are religious, or wholly social or commercial. Similarly, records of the Foundation's assets are necessary to investigate whether the Foundation is indeed a religious organization or instead a private social club.

We recognize that the IRS is asking for production of a vast number of the Foundation's documents. However the principal, and proper, purpose of the IRS investigation is to determine whether the Foundation is in fact a church, rather than a private social club organized to foster illicit sexual conduct. This legitimate purpose is so broad in scope that we are unable to find that any category of documents requested by the IRS will not help significantly to further the investigation nor that any category of requested documents is not directly and logically within the proper scope of the examination. The IRS' proper purpose should not be frustrated simply because the scope of its investigation is broad.

As the First Circuit emphasized, section 7611 "focuses the court's attention on the needs of a competent investigator, not the needs of a prosecutor." *Church of Scientology of Boston, Inc.,* 933 F.2d at 1078–79. Thus we do not require the IRS to have probable cause to examine church documents. Rather, the IRS must initiate a valid church tax inquiry and then explain why examination of the requested documents is necessary to a competent investigation. We find that the IRS has met its burden to explain how all of the summoned documents are necessary for the IRS to conduct a competent investigation of whether the Foundation is a tax-exempt organization and whether Foundation benefits are inuring to private individuals. Thus the district court clearly erred in finding to the contrary.

### III. The Bank Summons

■ In its order denying the IRS' motion to enforce the Foundation summons and granting the Foundation's petition to quash the Bank summons, the district court applied the same analysis to both summonses. The Bank summons was for records kept by a third party pursuant to 26 U.S.C. § 7609, and the IRS argues that summonses issued to third party record keepers are not subject to the provisions of 26 U.S.C. § 7611. Whether third party records are excluded from the requirements of section 7611 is an issue of statutory interpretation subject to de novo review. *See United States v. Saunders,* 951 F.2d 1065, 1066 (9th Cir.1991).

In the definitions section of section 7611, church records are defined to *exclude* records acquired "pursuant to a summons to which section 7609 applies...." 26 U.S.C. § 7611(h)(4)(B)(i). Thus the IRS is clearly correct. The Bank summons is not governed by section 7611. Therefore, the IRS only has to show that the summoned documents are relevant to its investigation. *See United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). Based on Agent Lien's testimony and the affidavits of Lien and another IRS agent, the IRS has made a showing of relevance.

### IV. Remaining Issues

■ The Foundation argues that enforcing the Bank summons would violate the Foundation's rights under the First Amendment. In order to prevail, the Foundation must make a showing that the Bank summons burdens the exercise of religious beliefs by Foundation members. *See Kerr v. United States,* 801 F.2d 1162, 1164 (9th Cir.1986). If the Foundation succeeds in making this prima facie showing, the IRS action will be upheld "only upon demonstration that a compelling governmental interest warrants the burden, and that less restrictive means to achieve the government's ends are not available." *St. German of Alaska Eastern Orthodox Catholic Church v. United States,* 840 F.2d 1087, 1093 (2nd Cir.1988). We note that the IRS' interest in enforcing summonses has been found compelling. *See id.* Whether the Foundation has made its prima facie showing and whether the IRS could have utilized less restrictive means, however, are matters better left to be decided by the district court on remand.

The Foundation also argues that some of the documents requested in the Foundation summons are duplicates of documents requested in the Bank summons. The district court should consider this argument on remand.

## V.  Conclusion

We REVERSE the district court's order denying enforcement of both summonses. We REMAND to the district court for proceedings consistent with this opinion.