12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Winston Scott MESCH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James A. HOFFMAN, Defendant-Appellant.
 Nos. 88-1495, 89-10017.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Nov. 17, 1993.
 
 1
 Before: CHOY, CANBY, and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Winston Scott Mesch and James A. Hoffman appeal their convictions for conspiracy to defraud the United States by impeding tax collection in violation of 18 U.S.C. Sec. 371, making false tax returns in violation of 18 U.S.C. Sec. 7206(1), and aiding and abetting the making of false tax returns in violation of 26 U.S.C. Sec. 7206(2).[1] We affirm.[2]
 
 DISCUSSION[3]
 I.
 
 4
 Appellants contend that the I.R.S. exceeded statutory restrictions on its authority to investigate the religious activities of a church when it investigated their Universal Life Church charters. Therefore, according to appellants, the district court erred in admitting evidence against them that was obtained through the challenged I.R.S. investigation.
 
 
 5
 At the time of the investigation, 28 U.S.C. Sec. 7605(c) provided:
 
 
 6
 Restriction on examination of churches.
 
 
 7
 ... No examination of the religious activities of such an organization shall be made except to the extent necessary to determine whether such organization is a church ... and no examination of the books of account of such an organization shall be made other than to the extent necessary to determine the amount of tax imposed by this title.
 
 
 8
 The dual restrictions of this section on examinations of religious activities and church books, however, apply only when the government is investigating the tax liability of a church. Kerr v. United States, 801 F.2d 1162, 1164 (9th Cir.1986). The section does not proscribe such examinations to further the "legitimate governmental end of assessing [an individual's] tax liability." Id. at 1163; see United States v. Coats, 692 F.2d 629, 631-33 (9th Cir.1982) (joining other circuits in narrowly construing Sec. 7605(c)'s "examination of books" provision to preclude only examinations intended to determine the amount of a church's unrelated business income).
 
 
 9
 The district court found that Sec. 7605(c) was inapplicable to the investigation that produced evidence against appellants because the focus of the investigation was the individual taxpayer-ministers, not the "church." We review that factual determination under the clearly erroneous standard. See United States v. Chu Kong Yin, 935 F.2d 990, 994 (9th Cir.1991) (factual matters underlying evidentiary rulings are reviewed for "abuse of discretion").
 
 
 10
 Appellants assert that the investigation was so extensive that it could not have been merely an investigation of their individual tax liabilities. We are not convinced, however, that the examination of ULC "religious activities" was more extensive than necessary to establish the individual tax liability of appellants. Moreover, any focus on the ULC as appellants were involved in it was directed toward determining whether ULC was a "church" within the meaning of the Internal Revenue Code. Such an examination of religious activities is explicitly permitted by the terms of the statute. 28 U.S.C. Sec. 7605(c) (quoted above). We conclude that the district court did not err in finding no violation of Sec. 7605(c).
 
 II.
 
 11
 Appellants argue that their prosecution was vindictive because an original indictment containing fewer charges against them was dismissed, and that the district court, therefore, improperly failed to dismiss the prosecution.[4]
 
 
 12
 Pretrial reindictment on more serious charges does not raise a presumption of vindictive prosecution--actual vindictiveness must be shown. United States v. Goodwin; 457 U.S. 368, 380-84 (1982); United States v. Brooklier, 685 F.2d 1208, 1215-16 (9th Cir.1982). Appellants have offered no evidence indicating that the pretrial reindictment was actually vindictive.[5] In the absence of a presumption of vindictiveness, then, appellants cannot prevail on their vindictive prosecution claim.
 
 III.
 
 13
 Mesch complains that the district court refused to allow his expert witness (Miller) to testify that Mesch's tax returns were prepared properly and in accordance with the law. Instead, the court limited Miller to testifying as to the correctness of the calculations on the return given certain "assumptions" regarding Mesch's status as a minister in a tax-exempt church. This limitation precluded Miller from offering "expert" testimony regarding whether Mesch was a bona fide minister in a tax exempt church.
 
 
 14
 The decision to exclude expert testimony falls within the broad discretion of the trial court and this court reviews such decisions only for an abuse of discretion. United States v. Peters, 937 F.2d 1422, 1427 (9th Cir.1991); United States v. Langford, 802 F.2d 1176, 1179-80 (9th Cir.1987). Having reviewed the substance of Miller's eventual testimony, we conclude that the district court's limitation on the scope of Miller's testimony was reasonable and not an abuse of discretion.
 
 IV.
 
 15
 Finally, we reject appellants' argument that the district court improperly instructed the jury regarding the appellants' good faith defense.[6]
 
 
 16
 We are required to reverse when a district court instructs that a good faith belief in compliance with the tax laws must be objectively reasonable to negate the willfulness element of a criminal tax prosecution. Cheek v. United States, 498 U.S. 192, 194-204 (1991); see also United States v. Powell, 955 F.2d 1206, 1211-12 (9th Cir.1992) (reversal required if instruction merely implies that objective reasonableness is required).
 
 
 17
 The district court's instructions to the jury in this case included the following:
 
 
 18
 An act is done willfully if done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with bad purpose, either to disobey or to disregard the law.
 
 
 19
 If a person in good faith believes that an income tax return, as prepared by him truthfully reports the taxable income and allowable deductions of the taxpayer under the Internal Revenue laws, he cannot be guilty of willfully preparing or presenting or causing to be prepared or presented a false or fraudulent return.
 
 
 20
 A defendant's conduct is not willful if you find the return was [sic, presumably should read "as"] prepared was made because of negligence, inadvertence, accident, or reckless disregard of the law, or due to his good faith misunderstanding of the requirements of the law.
 
 
 21
 These instructions do not intimate that a good faith belief in compliance must be objectively reasonable to negate willfulness. The same is true of the district court's response to the jury's request for clarification of the last instruction quoted above.
 
 
 22
 Neither Cheek nor Powell require that the district court use the word "subjective" to describe the type of good faith belief that negates willfulness when instructing the jury on a good faith belief defense to criminal tax prosecutions. It is sufficient that the district court's instructions correctly defined willfulness without implying that a good faith belief in compliance must be objectively reasonable.
 
 CONCLUSION
 The judgment of the district court is
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because we have the power to bypass difficult jurisdictional issues when the merits of an appeal are insubstantial, Federal Ins. v. Scarsella Bros., Inc., 931 F.2d 599, 602 (9th Cir.1991), we decline to address the government's argument that Hoffman's appeal is untimely. The government does not dispute the timeliness of Mesch's appeal
 
 
 [2]
 We decline the government's invitation to dismiss these appeals because of delays in their prosecution
 
 
 [3]
 The facts of this case are undisputed and known to the parties. We do not repeat them here
 
 
 [4]
 The record discloses no formal order in which the district court denied Mesch's motion to dismiss for vindictive prosecution. Because there is no merit to the vindictive prosecution claim, we need not discuss the appealability of the "denial." For the same reason, we decline to address the fact that the record does not indicate that Hoffman joined in this particular pretrial motion
 
 
 [5]
 In contrast, the government offers the plausible explanation that the additional charges were omitted from the original indictment only because venue was improper in the federal district in which the original indictment was obtained. The government further explained that after additional defendants to the original indictment had pled or fled, it no longer preferred the district in which the original indictment had been obtained
 
 
 [6]
 We review de novo whether a jury instruction misstates the elements of a statutory crime. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). Our inquiry is whether the instructions taken as a whole are misleading or inadequate to guide the jury's deliberation. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992)