**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GOD'S STOREHOUSE TOPEKA
CHURCH,

　　　Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

　　　Respondent - Appellee.

No. 23-3063

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 5:22-CV-04014-DDC-TJJ)**

_____

Ryan A. Kriegshauser, Kriegshauser Ney Law Group, Olathe, Kansas, (Ryan K. Oberly and Meaghan Falkanger, Wagenmaker & Oberly, Chicago, Illinois, with him on the briefs) for Petitioner-Appellant.

Pooja A. Boisture, Attorney, Tax Division, Department of Justice, Washington, D.C., (Kate E. Brubacher, United States Attorney, Of Counsel; David A. Hubbert, Deputy Assistant Attorney General; and Arthur T. Catterall, Attorney, Tax Division, Department of Justice, Washington, D.C., with her on the brief) for Respondent-Appellee.

_____

Before **MORITZ**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

**MURPHY**, Circuit Judge.

_____

## I. INTRODUCTION

God's Storehouse Topeka Church ("GSH")[1] appeals from a district court order denying its petition to quash a third-party summons the Internal Revenue Service ("IRS") issued to Kaw Valley Bank ("Kaw Valley"). IRS summonsed Kaw Valley pursuant to 26 U.S.C. § 7609, seeking bank records for accounts in GSH's name. GSH claimed the summons was invalid because, before its issuance, IRS failed to satisfy requirements applicable to church tax inquiries and examinations. *See* 26 U.S.C. § 7611.[2] In particular, GSH asserted the Tax Exempt and Government Entities Commissioner ("TE/GE Commissioner"), the IRS official that signed off on the GSH inquiry, is not an "appropriate high-level Treasury official" for purposes of § 7611(a)(2).

The district court denied GSH's petition, concluding (1) the provisions of § 7611 do not apply to § 7609 third-party summonses; and (2), even if the provisions of § 7611 did apply to § 7609 third-party summonses, IRS complied with the requirements of § 7611(a)(2). Like the district court, we hold the plain language of § 7611 makes clear it does not apply to § 7609 third-party summonses. Accordingly,

---

[1] We use GSH to refer to God's Storehouse Topeka Church because that is the term used by GSH in its appellate briefs.

[2] Section 7611 was enacted as part of the Tax Reform Act of 1984, Pub. L. No. 98-369, §§ 5, 1033, 98 Stat. 494, 1034 (1984). The provisions of § 7611 are often referred to as the Church Audit Procedures Act. *Music Square Church v. United States*, 218 F.3d 1367, 1369 (Fed. Cir. 2000); *Branch Ministries v. Rossotti*, 211 F.3d 137, 139-40 (D.C. Cir. 2000); *United States v. Church of Scientology W. United States*, 973 F.2d 715, 717 (9th Cir. 1992).

it is unnecessary to decide whether the TE/GE Commissioner is an appropriate high-level Treasury official. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's denial of GSH's petition to quash.

## II. BACKGROUND

### A. Factual Background

Richard and Pennie Kloos founded GSH in 2009. The following year, Richard Kloos and two other individuals incorporated GSH as a Kansas not-for-profit corporation. GSH did not apply to be recognized as exempt from taxation pursuant to 26 U.S.C. § 501(c)(3). Instead, it declared itself a church pursuant to 26 U.S.C. § 508(c)(1)(A). *See also* 26 U.S.C. § 7611(h)(1) (providing that for purposes of the church inquiry/examination provisions of § 7611, the term "church" includes "any organization claiming to be a church"). GSH operates a thrift store with a small space inside that serves as a coffee shop. GSH's thrift store sells donated items to the public. The coffee shop sells coffee to the thrift store's patrons at cost. Richard Kloos is a pastor at GSH; GSH paid gross wages to both Klooses in 2019 and 2020. GSH's tax forms demonstrate that, during that two-year period, it withheld employment taxes from the wages of other employees but did not withhold any taxes from the gross wages of the Klooses.

In November 2020, Richard Kloos was elected to the Kansas State Senate. During his run, his campaign purchased yard signs that included the words "Founder of God's Storehouse" below his name. The State of Kansas Governmental Ethics Commission vetted and preapproved those signs. According to Richard Kloos, GSH

3

did not "create, purchase, display, distribute, or in any way contribute to any yard signs associated with" his campaign. Kloos further claims GSH did not "intervene in or support [his] campaign for Kansas Senate."[3]

In February 2021, IRS assigned Kesroy Henry to investigate whether it should initiate a church tax inquiry[4] into GSH for the 2019 and 2020 tax years. In June, Henry issued a Notice of Church Tax Inquiry ("Inquiry Notice") to GSH after he secured approval from the TE/GE Commissioner.[5] The Inquiry Notice informed GSH of four concerns: (1) it potentially operated as a thrift store instead of a church, (2) it

---

[3] A church that "participates" or "intervenes" in "any political campaign" may lose its tax-exempt status. *See* 26 U.S.C. § 501(c)(3).

[4] The term church tax inquiry "means any inquiry to a church (other than an examination) to serve as a basis for determining whether a church—(A) is exempt from tax under [26 U.S.C. § 501(a)] by reason of its status as a church, or (B) is carrying on an unrelated trade or business (within the meaning of [*id.* § 513]) or otherwise engaged in activities which may be subject to taxation under this title." *Id.* § 7611(h)(2).

[5] Before beginning a church tax inquiry, IRS must obtain approval from "an appropriate high-level Treasury official."26 U.S.C. § 7611(a)(1)-(2). The appropriate high-level Treasury official must

> reasonably believe[] (on the basis of facts and circumstances recorded in writing) that the church—(A) may not be exempt, by reason of its status as a church, from tax under section 501(a), or (B) may be carrying on an unrelated trade or business (within the meaning of section 513) or otherwise engaged in activities subject to taxation under this title.

*Id.* § 7611(a)(2). According to § 7611(h)(7), the term appropriate high-level Treasury official "means the Secretary of the Treasury or any delegate of the Secretary whose rank is no lower than that of a principal Internal Revenue officer for an internal revenue region."

may have improperly intervened in a political campaign, (3) its coffee shop may incur liability for unrelated business income tax,[6] and (4) the wage payments to the Klooses may incur liability for unpaid employment taxes. Although the Inquiry Notice also requested GSH's responses to a series of questions, it did not request any documents. Nevertheless, GSH responded to the questions and provided copies of documents.

GSH's responses and documents did not assuage Henry's concerns about GSH's tax-exempt status and potential tax liability. Accordingly, in September of 2021, he obtained approval from the TE/GE Commissioner to initiate a church tax examination.[7] Henry then issued to GSH a Notice of Church Tax Examination ("Examination Notice"). The Examination Notice informed GSH about IRS's continued concerns. It also described church records and activities Henry might need to examine and offered to conduct a pre-examination conference. The following month, GSH's representative met with IRS personnel for the pre-examination conference. Because that conference did not resolve IRS's concerns, IRS notified GSH it would move forward with an examination. Consistent with this determination,

---

[6] For an explanation of the unrelated business income tax, see *United States v. Am. Coll. of Physicians*, 475 U.S. 834, 837-39 (1986) and 26 U.S.C. § 513.

[7] The term church tax examination "means any examination for purposes of making a determination described in [26 U.S.C. § 7611(h)(2)] of —(A) church records at the request of the [IRS], or (B) the religious activities of any church." 26 U.S.C. § 7611(h)(3). Notably, before beginning any church tax examination, IRS must provide pre-examination notice to the church. *Id.* § 7611(b)(1)-(2). That notice must include "a copy of the church tax inquiry notice [previously] provided to the church." *Id.* § 7611(b)(3)(A)(i).

a few days later, Henry sent GSH a request for documents, including copies of its bank statements for a two-year period. GSH objected to producing those statements on the ground the request was overly broad. Although GSH did not provide the requested bank statements, it did provide an extensive list of documents.

In December 2021, IRS notified GSH it intended to contact third parties and informed GSH of its right to request a list of people IRS contacted. In February 2022, IRS issued a § 7609 third-party summons to Kaw Valley. IRS requested bank records for all accounts in GSH's name for the period January 1, 2019, to December 31, 2020. IRS also served a copy of the summons on GSH.

**B. Procedural Background**

GSH petitioned the district court to quash the third-party summons IRS issued to Kaw Valley. GSH argued IRS failed to meet the requirements of § 7611 prior to summonsing Kaw Valley. As particularly relevant to the issue GSH raises on appeal, it asserted IRS failed to obtain the requisite authorization from an appropriate high-level Treasury official. 26 U.S.C. § 7611(a)(1)-(2).[8] GSH claimed the TE/GE Commissioner's rank is not equivalent to the rank of the now-defunct Regional

---

[8] In its petition to quash, GSH also argued IRS failed to comply with the requirements of § 7611(b)(1)(A) and (b)(3)(A)(iv) before summonsing Kaw Valley. Because GSH did not raise these issues on appeal, they are waived. *SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009). In any event, any such claims would fail because, as set out below, the provisions of § 7611 do not apply to third party summons issued under § 7609.

Commissioners described in § 7611(h)(7) and 26 C.F.R. § 301.7611-1 at A-1.[9] IRS

moved for summary denial of GSH's petition to quash. IRS argued § 7611 was not

relevant to the validity of the third-party summons it issued to Kaw Valley. Instead,

§ 7609, together with the decision in *United States v. Powell*, 379 U.S. 48 (1964),

governed the validity of that summons.[10] In support of this assertion, IRS cited

§ 7611(h)(4), which provides that the term "church records" does "not include

records acquired . . . pursuant to a summons to which [§] 7609 applies."

---

[9] In 1998, Congress restructured IRS from a geographic to a topic-based organization and eliminated the position of "Regional Commissioner." *See* Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 1001(a), 112 Stat. 685 (1998). Congress did not amend the definition of "appropriate high-level Treasury official" for purposes of the church tax inquiry. Nor has Treasury promulgated a new regulation identifying officials qualifying as appropriate high-level Treasury officials for purposes of § 7611.

[10] *Powell* rejected the notion IRS must show the existence of probable cause to obtain enforcement of its administrative summonses. 379 U.S. at 52-57. Instead, the IRS need only establish its good faith. *Id.* at 57-58. *Powell* held IRS could establish its good faith by showing that:

> the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed—in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*Id.* In its petition to quash, GSH asserted IRS failed to show its third-party summons to Kaw Valley was issued in good faith. With the narrow exception of the argument that *Powell*'s administrative-steps component incorporates § 7611(a)(1)-(2)'s "appropriate high-level Treasury official" into all § 7609 third-party summonses, GSH does not advance on appeal any of the *Powell*-based arguments it made before the district court. Thus, any such arguments are waived. *SCO Grp.*, 578 F.3d at 1226.

Alternatively, IRS argued that even assuming § 7611 applied to its third-party summons to Kaw Valley, the TE/GE Commissioner signed off on the inquiry/examination and was an appropriate high-level Treasury official for purposes of § 7611(h)(7).[11] In response to IRS's motion for summary denial, GSH argued IRS could not use § 7609 to obtain third-party records relating to churches because such actions would "sidestep" the protections set out in § 7611.

The district court referred GSH's petition to a magistrate judge for initial proceedings. *See* 28 U.S.C. § 636(b)(1)(B). The magistrate judge concluded the plain statutory language of § 7611(h)(4)(B)—which excepts records obtained through third-party summonses from the definition of "church records"—makes clear the third-party summons IRS issued to Kaw Valley was not subject to the heightened requirements set out in § 7611. The magistrate judge noted 26 C.F.R. § 301.7611-1 at A-5 expressly provides that records held by a third-party bank are not church records. The magistrate judge next ruled that, based on the four *Powell* factors, IRS issued the third-party summons to Kaw Valley in good faith. As relevant to the issues on appeal, the magistrate judge concluded IRS showed it followed all requisite administrative steps, thereby satisfying the fourth *Powell* prong. Even though the magistrate judge had already ruled § 7611 did not apply to the summons IRS issued

---

[11] Before the district court, IRS asserted § 7611(e) precluded GSH from litigating IRS's compliance with § 7611 in the context of a petition to quash a third-party summons. Like the district court, this court concludes it is unnecessary to reach this issue given that, as set out below, the requirements of § 7611 do not apply to § 7609 third-party summonses.

to Kaw Valley, she rejected on the merits GSH's contention IRS had not complied with § 7611(a)(2) and (h)(7). The magistrate judge noted that while both § 7611(h)(7) and 26 C.F.R. § 301.7611-1 provide that the appropriate high-level official is the Regional Commissioner or a higher Treasury official, the position of Regional Commissioner no longer existed after the organizational restructuring of the IRS in 1998. Nevertheless, the magistrate judge concluded the TE/GE Commissioner was the logical counterpart of the previously extant position of Regional Commissioner. Accordingly, the magistrate judge recommended that the district court deny GSH's petition and grant IRS's motion for summary denial.

The district court adopted, over GSH's objection, the magistrate judge's report and recommendation. It began by rejecting GSH's assertion that the TE/GE Commissioner was not an appropriate high-level Treasury official for purposes of §7611(h)(7). The district concluded the TE/GE Commissioner was comparable to the former position of Regional Commissioner because the two positions occupy a similar rank and had similarly broad responsibilities. Despite ruling in IRS's favor on the appropriate-high-level-official question, the district court also rejected GSH's argument that the provisions of § 7611 apply to § 7609 third-party summonses. As had the magistrate judge, the district court relied on § 7611(h)(4)(B), which excepts documents acquired through a third-party summons from the definition of "church records." Because records validly summonsed from a third party are not church records, the district court concluded IRS need not comply with any provision of § 7611 before requesting and obtaining such records.

9

## III. ANALYSIS

### A. Standard of Review

The sole issue on appeal set out in GSH's appellate brief is whether the TE/GE Commissioner "is an appropriate high-level Treasury official to approve church tax inquiries and examinations under" § 7611. GSH's Opening Br. 1. Of course, it is only necessary to reach this question if the provisions of § 7611 apply to third-party summonses issued by the IRS pursuant to § 7609. This second question, one of statutory construction subject to de novo review, *Standing Akimbo, LLC v. United States*, 955 F.3d 1146, 1155 & n.4 (10th Cir. 2020), is determinative.

"As in all cases of statutory construction," this court's "foremost duty is to ascertain the congressional intent and give effect to the legislative will." *Ribas v. Mukasey*, 545 F.3d 922, 929 (10th Cir. 2008) (quotation omitted). To determine congressional intent, this court must first focus on the language of the statute. *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) ("As in all statutory construction cases, we begin with the language of the statute. The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." (quotation omitted)); *United States v. Saenz-Gomez*, 472 F.3d 791, 793-94 (10th Cir. 2007) ("[I]t is a well established law of statutory construction that, absent ambiguity or irrational result, the literal language of a statute controls."). "When the meaning of the statute is clear, it is both unnecessary and improper to resort to legislative history to divine congressional intent." *Id.* at 794 (quotation omitted).

**B. Analysis**

GSH asserts the validity of IRS's § 7609 third-party summons to Kaw Valley under *Powell*'s administrative-steps component, is dependent on IRS's compliance with § 7611(a)(2). *See generally supra* n.10 (describing *Powell* analysis). The plain language of § 7611 is fatal to this assertion.

As emphasized by GSH on appeal, § 7611 "affords churches special protections in the audit context." *United States v. C.E. Hobbs Found. for Religious Training & Educ., Inc.*, 7 F.3d 169, 171 (9th Cir. 1993). It creates two distinct types of investigation: a "church tax inquiry" and a "church tax examination." *See supra* nn. 4-5, 7 (quoting the relevant provisions of § 7611). A church tax inquiry is "any inquiry *to a church* (other than an examination)" to determine whether the church is tax-exempt or subject to taxation regarding certain of its activities. 26 U.S.C. § 7611(h)(2) (emphasis added). A church tax examination is "any examination . . . *of . . . church records*" undertaken for the same purposes of a church tax inquiry (i.e., to determine the status and tax liabilities of a church). *Id.* § 7611(h)(3)(A) (emphasis added).[12] Section 7611 imposes significant, heightened procedural requirements before the IRS may undertake either type of church investigation.

---

[12] Section 7611(h)(3)(B) defines "church tax examination" as also including an examination of the religious activities of a church. GSH does not argue IRS seeks to examine its religious activities through the summons to Kaw Valley and, therefore, the third-party summons to Kaw Valley falls within the parameters of § 7611. Thus, the issue is waived, *SCO Grp.*, 578 F.3d at 1226, and this court does not address it on appeal. *But cf. generally God's Storehouse Topeka Church v. United States*, No. 22-mc-00046-PAB, 2023 WL 2824525, at *5 (D. Colo. Feb. 22, 2023) (magistrate judge's report and recommendation) (noting, in identical circumstances, that a § 7609

The problem for GSH is that the plain language of § 7611 makes clear § 7609 third-party summonses are not church tax inquiries or examinations. As the highlighted language in the previous paragraph makes pellucid, a § 7609 third-party summons cannot be a church tax inquiry because it is not an inquiry directed "to a church." *Id.* § 7611(h)(2). It is likewise clear such third-party summonses cannot be church tax examinations because they do not seek "church records." Church records are those kept by a church. *Id.* § 7611(h)(4)(A). IRS's summons to Kaw Valley sought the bank's records, not GSH's records. In any event, § 7611(h)(4)(B)(i) makes clear that records obtained pursuant to a § 7609 third party summons are not included within the definition of church records. Because IRS's summons to Kaw Valley does not implicate the provisions of § 7611, IRS did not have to demonstrate it complied with the terms of § 7611 to satisfy *Powell*'s administrative-steps requirement. And, because the plain language of § 7611 unambiguously resolves this question, there is no need to examine § 7611's legislative history.

Each of the other three courts that has examined this issue has held or concluded § 7609 alone applies to a third-party summons, even when IRS issues the summons as part of a church tax inquiry or examination. *Hobbs*, 7 F.3d at 173 (holding that a § 7609 summons issued to third-party bank is not governed by § 7611); *Bible Study Time, Inc. v. United States*, 240 F. Supp. 3d 409, 420 (D.S.C. 2017) ("Third-party summonses are governed by Section 7609, not Section 7611,

_____

third-party summons to a bank for purely financial information, does not constitute an examination of a church's religious activities).

even when the summons is issued in connection with a church tax inquiry."); *God's Storehouse*, 2023 WL 2824525, at *4 (concluding "the requirements of Section 7611 do not apply to" third-party summonses). On the other hand, the only case cited by GSH is not remotely helpful. GSH asserts *United States v. Church of Scientology of Boston, Inc.*, 739 F. Supp. 46, 48 (D. Mass. 1990), stands for the proposition that § 7611's procedural requirements have been incorporated into *Powell* because *Powell*'s fourth step requires IRS to follow the tax code's administrative requirements. In *Church of Scientology of Boston*, however, IRS summonsed church records from a church as part of a church examination. *Id.* at 47-48. Such a summons quite clearly falls well within the contours of § 7611. That being the case, *Church of Scientology of Boston* has nothing to say about the applicability of the requirements of § 7611 to a § 7609 third-party summons.

The relevant statutory language and applicable case law are harmonious: the requirements in § 7611 for initiating church tax inquiries and examinations do not apply to a third-party summons, even if summonses are issued in connection with such inquiries and examinations. Instead, IRS must satisfy the requirements set out in § 7609, as incorporated into and analyzed by *Powell*, when it summonses materials from a third party in this context. There is no hybrid set of § 7609 and § 7611 requirements that applies to third-party summonses. *Bible Study Time*, 240 F. Supp. 3d at 420-21 (concluding § 7611 "has no application to third-party summonses because third-party summonses are governed solely by Section 7609")*; God's Storehouse Topeka Church*, 2023 WL 2824525, at *12 ("[T]he administrative steps

13

that the IRS took in initiating its church tax inquiry or examination are irrelevant to

determining whether the IRS followed the proper administrative steps in issuing this

third-party summons.").[13]

_____

[13] GSH argues that if this court interprets § 7609 as allowing IRS to access third-party records free from the constraints of § 7611 we will defeat § 7611's purpose of protecting churches from abusive investigations. This extra-textual argument is unconvincing for two reasons. First, IRS cannot circumvent § 7611 because it cannot, based solely on documents collected from a third-party summons, make any (1) determination that a church is not entitled to tax-exempt status, or (2) assessment of unrelated business income tax against a church. The relevant regulation provides as follows:

> Third party materials may be acquired without application of the procedures of section 7611; however, a determination that a church is not entitled to an exemption, or an assessment of tax for unrelated business income against a church, may not be made solely on the basis of third party records, without first complying with the requirements of two notices and offering of a conference . . . pursuant to the procedures set forth in section 7611. This limitation does not apply to assessments of tax other than income tax resulting from loss of exemption or for unrelated business income (for instance, assessments of social security or other employment taxes). Third party bank records will not be used in a manner inconsistent with the procedures set forth in section 7611 . . . .

26 C.F.R. § 301.7611-1 at A-5. Thus, GSH is simply wrong in asserting a plain-meaning interpretation of §§ 7609 and 7611 will leave churches entirely at the mercy of IRS. Second, as well noted by the magistrate judge in addressing an identical claim in *God's Storehouse Topeka Church*, 2023 WL 2824525, at *7:

> [A]s with any statute, [§] 7611 reflects a legislative balance—here, between allowing [IRS] to effectively perform its statutorily mandated investigative duties, while providing heightened protections to churches in light of their unique social and constitutional status. As the plain text of [§] 7611 makes clear, Congress struck this balance by placing certain restrictions on [IRS's] ability to make an inquiry to a church and examine the church's records and religious activities, while specifically exempting from those restrictions summonses made to third-party recordkeepers . . . . [The] argument that this arrangement allows [IRS]

14

## IV. CONCLUSION

The judgment of the United States District Court for the District of Kansas denying GSH's petition to quash and granting IRS's motion for summary denial is hereby **AFFIRMED**.

---

to essentially bypass . . . safeguards afforded to churches under § 7611 is one to be taken up in the halls of Congress, not a courtroom.

(alterations, quotations, and record citations omitted).