24 F.3d 250
 73 A.F.T.R.2d 94-2131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America; David Schulz, Revenue Officer,
Internal Revenue Service, Plaintiffs-Appellees,
v.
Robert W. DOUGLAS, Defendant-Appellant.
 No. 93-16716.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert W. Douglas appeals pro se the district court's order enforcing the Internal Revenue Service's (IRS) summons requesting the production of documents relevant to Douglas's federal income tax liability for tax years 1990 and 1991, and denying Douglas's motion to quash. We review for clear error a district court's order to enforce a summons for the production of documents. United States v. Saunders, 951 F.2d 1065, 1066 (9th Cir.1991). We affirm.
 
 
 3
 Under 26 U.S.C. Sec. 7602(a), the IRS may issue a summons for production of information relevant to "determining the liability of any person for any internal revenue tax." In order to establish a prima facie case for enforcement of a summons, the government must show that (1) the summons was for a legitimate purpose, (2) the material being sought was relevant to the investigation, (3) the information was not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code had been followed. See United States v. Powell, 379 U.S. 48, 57-58 (1964); Saunders, 951 F.2d 1067. Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990). The burden then shifts to the taxpayer to show that the summons was issued for an improper purpose or was otherwise deficient. Id.
 
 
 4
 Here, the sworn declaration by Revenue Agent Schulz satisfied the government's "minimal" showing that the good-faith requirement had been met. See id.
 
 
 5
 Douglas nevertheless contends that the summons is invalid because the IRS has failed to establish its authority to collect taxes. This contention lacks merit and is frivolous.
 
 
 6
 The Internal Revenue Code imposes an income tax on United States citizens who reside in the United States and whose income is derived from domestic sources. See 26 U.S.C. Sec. 1(c); see also United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens."). Section 61 of the Internal Revenue Code imposes a tax on income, and under the Tax Code, wages are income. 26 U.S.C. Sec. 61; Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986). Douglas is a taxpayer within the meaning of the Code and is subject to federal income tax. See In re Becraft, 885 F.2d at 548; Grimes, 806 F.2d at 1453. Accordingly, the district court properly ordered enforcement of the summons and denied Douglas's motion to quash.
 
 
 7
 The IRS requests that sanctions be imposed on Douglas for bringing a frivolous appeal. An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). We hold that Douglas's appeal is frivolous, and impose sanctions upon Douglas in the amount of $1,500. See Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox, 848 F.2d at 1008-09.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3