**UNITED STATES of America; Charles L. Gresham, Revenue Officer of the Internal Revenue Service, Petitioners–Appellees,**

v.

**David O. SAUNDERS and Sharon Saunders, Respondents–Appellants.**

Nos. 91–35012, 91–35170.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 1991.*

Decided Dec. 13, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

David O. Saunders III and Sharon Saunders, in pro per.

Gary R. Allen, Tax Div., Dept. of Justice, Washington, D.C., for petitioners-appellees.

Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.

TANG, Circuit Judge:

In March 1990, the Internal Revenue Service served summonses on David and Sharon Saunders to appear and produce records for tax years 1981 through 1988. 26 U.S.C. § 7602. Although the Saunders appeared as directed, they refused to turn over the documents and records requested in the summonses. The IRS then filed an action in federal district court to enforce the summonses. 26 U.S.C. § 7604(b). In December 1990, the district court denied the Saunders' motion to dismiss and issued an order enforcing the summonses. The Saunders appeal. We affirm.

1. *Standard of Review*

 The district court's decision to enforce the IRS summonses will be reversed only for clear error. *See United States v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir. 1990). To the extent the district court predicated its judgment on issues of statutory construction, we review de novo. *See Saratoga Sav. & Loan Ass'n v. Federal Home Loan Bank Bd.*, 879 F.2d 689, 691 (9th Cir.1989). We also review de novo the question of the district court's jurisdiction. *Owner–Operators Indep. Drivers Ass'n v. Skinner*, 931 F.2d 582, 584 (9th Cir.1991).

2. *OMB Number*

The Saunders argue first that the summonses were invalid because they lacked an Office of Management and Budget ("OMB") control number. Consequently, the Saunders continue, section 3512 of the Paperwork Reduction Act, 44 U.S.C. §§ 3501 to 3520, relieves them of the obligation to respond to the summonses. Section 3512 reads:

> Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director, or fails to state that such request is not subject to this chapter.

 The district court appropriately rejected the Saunders' argument. The Paperwork Reduction Act specifically excepts from section 3512's requirements "the collection of information ... during the conduct of ... an administrative action or investigation involving an agency against

specific individuals or entities." 44 U.S.C. § 3518(c)(1)(B); *see also* 5 C.F.R. § 1320.-3(c). An IRS investigation of a taxpayer's failure to file her or his income tax return constitutes "an agency action against specific individuals." Consequently, the summonses were valid even absent either an OMB number or a statement that the document request is not subject to the requirements of section 3512. *See Lonsdale v. United States,* 919 F.2d 1440, 1444–45 (10th Cir.1990) ("We agree with those courts that have relied upon [44 U.S.C.] section 3518(c)(1)(B)(ii) to hold that the Paperwork Reduction Act is inapplicable to 'information collection request' forms issued during an investigation against an individual to determine his or her tax liability."); *Neumann v. United States,* No. M89–50028, 1990 WL 209631, at *1, 1990 U.S.Dist. LEXIS 8312, at *2–3 (W.D.Mich. June 20, 1990); *United States v. National Commodity & Barter Ass'n,* 90–1 U.S. Tax Cas. (CCH) ¶ 50,284, at 83,998, 1990 WL 85905 (D.Colo.1990) ("[T]he statute excepts IRS summonses from the provision[s] of 3512."); *Van Sant v. United States,* 90–1 U.S. Tax Cas. (CCH) ¶ 50,179, at 83,651–52, 1990 WL 21279 (D.Colo.1990) (same), *aff'd,* 1990 WL 265081 (10th Cir. Aug. 2, 1990); *United States v. Particle Data, Inc.,* 634 F.Supp. 272, 275 (N.D.Ill.1986) ("IRS issued the Summonses pursuant to its investigation of Berg, a 'specific individual[ ].' ").

### 3. *IRS Authority to Issue and Enforce Summonses*

 The Saunders also contend that the IRS lacks the authority to issue and enforce its request for records and documents pertaining to the tax years in issue.

We find no merit to this argument. Section 7602(a) of 26 U.S.C. expressly empowers the IRS to issue a summons for "books, papers, records, or other data" relevant to "determining the liability of any person for any internal revenue tax." Our cases have repeatedly recognized this authority. *See, e.g., Harris v. United States,* 758 F.2d 456, 457 (9th Cir.1985).

When taxpayers fail to comply with a summons, the plain language of 26 U.S.C.

§ 7604(b) authorizes the IRS to seek enforcement of the summons in federal district court. Again, we have consistently acknowledged the propriety of such action. *See, e.g., Abrahams,* 905 F.2d at 1279.

 For the summonses to be enforced, the IRS needed only to make a "minimal" showing that (1) the summonses were issued for a legitimate purpose, (2) the information requested is relevant to that purpose, and (3) the IRS did not already possess the equivalent material. *Id.* at 1280; *see also Liberty Fin. Servs. v. United States,* 778 F.2d 1390, 1392 (9th Cir.1985). The district court found, and we agree, that the affidavit of Revenue Officer Charles Gresham established each of these prerequisites to enforcement. *See Liberty,* 778 F.2d at 1392 ("Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case."). The IRS thus had the authority both to issue and to seek enforcement of the Saunders' summonses.

### 4. *Delegation of Authority*

 The Saunders respond that the IRS and Officer Gresham have never properly been vested with the authority to issue and seek enforcement of summonses because the order delegating that authority from the Secretary of the Treasury to the Commissioner of Internal Revenue was not executed in accordance with law. Specifically, the Saunders argue that the government's failure to publish in the Federal Register Treasury Department Orders 150–37 (1955) and 150–10 (1982) (collectively, "TDOs"), delegating the Secretary's power to administer various aspects of the tax laws to the Commissioner, invalidates the transfer and leaves the IRS and its officers powerless to investigate tax violations.

Like the Saunders' Paperwork Reduction Act argument, this contention cannot withstand a full reading of the Federal Register Act, 44 U.S.C. §§ 1501 to 1511. The Act requires the publication only of the following items in the Federal Register:

(1) Presidential proclamations and Executive orders, except those not having general applicability and legal effect or

effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof;

(2) documents or classes of documents that the President may determine from time to time have general applicability and legal effect; and

(3) documents or classes of documents that may be required so to be published by Act of Congress.

44 U.S.C. § 1505(a).

The TDOs are not Presidential proclamations or documents cited for publication by the President or by an Act of Congress. Nor are they orders having "general applicability and legal effect." Rather, the TDOs fall squarely within section 1505(a)'s express exception for orders "effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof." The TDOs had no legal impact on, or significance for, the general public. They simply effected a shifting of responsibilities wholly internal to the Treasury Department. Accordingly, we hold that the Federal Register Act does not mandate the publication of the TDOs and that, as a consequence, the government's failure to publish them does not affect the validity of the Secretary's delegation of authority to the Commissioner. *See Lonsdale,* 919 F.2d at 1446 ("[W]e hold that the [Federal Register Act] did not require publication of TDO 150–37 or 150–10.") (citing cases); *Murdock v. United States,* 90–2 U.S. Tax Cas. ¶ 50,420, at 85,324–25, 1990 WL 120664 (D.Utah 1990); *Neumann,* 1990 WL 209631, at *1, 1990 U.S.Dist. LEXIS 8312, at *2 ("An internal delegation of administrative authority does not adversely affect members of the public and need not be published in the Federal Register to be valid."); *National Commodity,* 90–1 U.S. Tax Cas. ¶ 50,284, at 83,998; *Van Sant,* 90–1 U.S. Tax Cas. ¶ 50,179, at 83,651; *Reimer v. United States,* 90–1 U.S. Tax Cas. ¶ 50,285, at 84,000, 1990 WL 85686 (D.Hawaii), *aff'd,* 919 F.2d 145 (9th Cir. 1990); *United States v. McCall,* 727 F.Supp. 1252, 1254 (N.D.Ind.1990) ("It is well-settled that rules of agency organization, procedure, or practice need not be published to be effective. The court finds

the delegation orders at issue here to be such rules of internal agency procedure, obviating their publication in the Federal Register.") (quotation and citation omitted); *accord Hatcher v. United States,* 733 F.Supp. 218, 221 (M.D.Pa.1990) (failure to publish TDOs "does not allow an individual to ignore a summons"); *United States v. DeVaughn,* 414 F.Supp. 774, 779 (D.Md. 1976) (IRS Handbook and Policy Statement need not be published in Federal Register), *aff'd,* 556 F.2d 575 (4th Cir.), *cert. denied,* 434 U.S. 954, 98 S.Ct. 479, 54 L.Ed.2d 312 (1977).

### 5. *Notice of Dishonor/Lack of Jurisdiction*

■ The Saunders argue that the district court lacked jurisdiction to enforce the summonses. In support of their position, they cite *The Glide,* 167 U.S. 606, 623–24, 17 S.Ct. 930, 936, 42 L.Ed. 296 (1897), which holds that "[t]he maritime and admiralty jurisdiction conferred by the constitution and laws of the United States upon the district courts of the United States is exclusive." The Saunders apparently interpret this language as limiting the jurisdiction of federal district courts to admiralty and maritime actions. The Saunders also seem to believe that, by issuing a notice of dishonor under the Uniform Commercial Code, they prevent the IRS from characterizing this case as a contract in admiralty or a maritime action, leaving the district court no basis for jurisdiction.

The Saunders reading of *The Glide* founders. In describing the district courts' maritime and admiralty jurisdiction as "exclusive," the Supreme Court excluded state courts from adjudicating either category of lawsuit. The Court did not, by employing the phrase "exclusive," delimit the bases of federal jurisdiction. To the contrary, Congress has expressly directed federal district courts to hear tax enforcement matters. *See* 26 U.S.C. §§ 7402(b), 7604(a); 28 U.S.C. § 1340. We have repeatedly confirmed the authority—indeed, duty—of the district courts to adjudicate tax summons cases such as the one being prosecuted here. *See, e.g., United States v. Author Servs.,*

*Inc.,* 804 F.2d 1520, 1525 (9th Cir.1986), *amended,* 811 F.2d 1264 (9th Cir.1987).

### 6. *Attestation*

██ In their reply brief, the Saunders raise for the first time the argument that the summonses were invalid because not attested as required by 26 U.S.C. § 7603. We will not decide matters neither presented to the district court nor raised in the appellant's opening brief. *See Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (quotations and citations omitted); *Bolker v. Commissioner,* 760 F.2d 1039, 1042 (9th Cir.1985) ("As a general rule, we will not consider an issue raised for the first time on appeal.").

Accordingly, the decision of the district court is

AFFIRMED.