9 F.3d 1555
 73 A.F.T.R.2d 94-510
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America; Cheryl L. Mosby, Revenue Agent
for the Internal Revenue Service, Plaintiffs-Appellees,
v.
V-1 OIL COMPANY; Gene Baxter, Secretary, Defendant-Appellants.
 No. 92-36965.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 10, 1993.
 
 Before: SCHOREDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 V-1 Oil Company ("V-1") and its secretary, Gene Baxter, appeal the district court's order enforcing an Internal Revenue Service ("IRS") summons requesting the production of documents relevant to V-1's federal income tax liability for the tax years 1988 and 1989. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 V-1 contends that the district court erred by enforcing the summons because V-1's payment in full of the tax assessment for the 1988 tax year prior to the judicial enforcement proceedings rendered moot that portion of the summons which concerned the 1988 tax year. This contention lacks merit.
 
 
 4
 We review for clear error the district court's decision to enforce an IRS summons. United States v. Saunders, 951 F.2d 1065, 1066 (9th Cir.1991).
 
 
 5
 Under 26 U.S.C. § 7602(a), the IRS may issue a summons for production of information relevant to "determining the liability of any person for any internal revenue tax." "For the summons[ ] to be enforced, the IRS need [ ] only to make a 'minimal' showing that (1) the summons[ ] [was] issued for a legitimate purpose, (2) the information requested is relevant to that purpose, and (3) the IRS did not already possess the equivalent material." Saunders, 951 F.2d at 1067 (quoting United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990)). The validity of a summons issued under section 7602 is determined as of the date of issuance. Couch v. United States, 409 U.S. 322, 329 n. 9 (1973) (rights and obligations of parties become fixed when summons is served); United States v. Cromer, 483 F.2d 99, 101 (9th Cir.1973) (events occurring after issuance of summons cannot affect its validity).
 
 
 6
 On February 5, 1992, the IRS issued and served a summons requesting V-1 to produce all documents and records relating to V-1's income tax liability for the tax years 1988 and 1989. V-1 failed to comply with the summons. On September 9, 1992, the IRS filed a petition in district court seeking judicial enforcement of the summons. The petition was supported by a declaration of the investigating IRS agent demonstrating that the summons was issued for a legitimate purpose, that the information sought was relevant to that purpose, and that the IRS did not already possess this information. See Saunders, 951 F.2d at 1067. On November 2, 1992, the IRS made an assessment and issued a notice of tax due to V-1 demanding payment of $382,173 in income tax and penalties for 1988. On December 4, 1992, V-1 paid the assessed tax and penalties for 1988. On December 7, 1992, following an evidentiary hearing, the district court ordered V-1 to comply with the summons.
 
 
 7
 On appeal, V-1 does not challenge the IRS's assertion that the summons was valid on the date of its issuance, and we are satisfied that the summons was valid on that date. Contrary to V-1's contention the validity of the summons was not affected by V-1's subsequent payment of its 1988 tax obligations. See Cromer, 483 F.2d at 101. Furthermore, the record indicates that the IRS made the requisite "minimal" showing necessary for judicial enforcement of the summons. See Saunders, 951 F.2d at 1067. Accordingly, the decision of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties consented to have the case heard and decided by Magistrate Judge Boyle pursuant to the provisions of 28 U.S.C. § 636(c)