21 F.3d 1117
 73 A.F.T.R.2d 94-1817
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America; David Schulz, Revenue Officer,
Petitioners-Appellees,
v.
Pantaleon KOLCHEV, Respondent-Appellant.
 No. 93-16705.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pantaleon Kolchev appeals pro se the district court's order enforcing the Internal Revenue Service's (IRS) summons requesting the production of documents relevant to Kolchev's federal income tax liability for tax years 1990 and 1991. Kolchev contends that the IRS failed to comply with the procedural requirements for issuing a summons. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for clear error a district court's order to enforce a summons for the production of documents. United States v. Saunders, 951 F.2d 1065, 1066 (9th Cir.1991). We affirm.
 
 
 3
 Under 26 U.S.C. Sec. 7602(a), the IRS may issue a summons for production of information relevant to "determining the liability of any person for any internal revenue tax." In order to establish a prima facie case for enforcement of a summons, the government must show that (1) the summons was for a legitimate purpose, (2) the material being sought was relevant to the investigation, (3) the information was not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code had been followed. See United States v. Powell, 379 U.S. 48, 57-58 (1964); Saunders, 951 F.2d at 1067 . Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990). The burden then shifts to the taxpayer to show that the summons was issued for an improper purpose or was otherwise deficient. Id.
 
 
 4
 Here, the sworn declaration by Revenue Agent David Schulz satisfied the government's "minimal" burden of showing that the summons was issued for a proper purpose. See id.
 
 
 5
 Kolchev nevertheless contends that the IRS summons was invalid because (1) it failed to specify the taxes for which he may have been liable; (2) it failed to comply with the attestation requirements of 26 U.S.C. Sec. 7603; (2) the IRS agent who issued the summons lacked authority to do so; and (3) the summons was invalid because the Internal Revenue Code has not been enacted into positive law. These contentions lack merit.
 
 
 6
 First, the summons states on its face that the purpose of the summons is to allow the IRS to prepare federal income tax returns for the years 1990 and 1991. Thus, the summons apprised Kolchev of the taxes for which he may have been liable. Second, Revenue Officer Gerhart, who delivered the summons, certified on the face of the summons that it was a true and correct copy of the original. Moreover, the copy attached to Kolchev's moving papers before the district court show Kolchev had received an attested copy of the summons at his residence. Thus, Kolchev's contention that the summons was not properly attested lacks merit. Third, as a delegate of the Secretary of the Treasury, the IRS has authority to issue a summons to investigate a taxpayer's federal income tax liability. 26 U.S.C. Sec. 7602. The Commissioner has authority to redelegate this authority. See id. Sec. 7701(a)(11)(B), 12(A); Treas.Dep't Order No. 150-10 (Apr. 22, 1982). Thus, as an IRS official, Revenue Officer Gerhart had the authority to issue the summons. Finally, we reject as frivolous Kolchev's assertion that the summons was invalid because the IRS code has not been enacted into "positive law." See Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir.1985) (finding baseless the contention that the IRS code is not enforceable because it has not been enacted into "positive law").[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also reject as frivolous Kolchev's contention that the Buck Act, 4 U.S.C. Secs. 105-110 and the Public Salary Act, 4 U.S.C. Sec. 111 affect his duty to respond to the summons