In re Douglas J. FITZGERALD, Michelle FitzGerald, Movants/Petitioners,

v.

UNITED STATES of America (INTERNAL REVENUE SERVICE), Respondent.

No. MS–4294.

United States District Court, D. Idaho.

Dec. 19, 1994.

Order Amending Decision Feb. 9, 1995.

Douglas J. FitzGerald, Michelle E. Fitz-Gerald, Eagle, ID, pro se.

Betty H. Richardson, U.S. Atty., Boise, ID, Richard R. Ward, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for respondent.

## ORDER

LODGE, Chief Judge.

Pending before the court is an amended petition to quash a third-party administrative summons. (Dkt. No. 2). As explained below, the petition is denied.

The record reflects that on August 24, 1994, the IRS issued and served a summons to First Security Bank requiring the bank to produce certain financial records relating to Douglas and Michelle FitzGerald, who evidently were customers of the bank. On September 14, 1994, the petitioners filed a Petition to Quash Internal Revenue Service Third Party Administrative Summons, pursuant to 12 U.S.C. § 3410(a). The FitzGeralds filed an Amended Petition on September 22, together with a Memorandum of Points and Authorities, which were signed by them both.

In their amended petition, the FitzGeralds contend that the summons served on the bank must be quashed on the ground that the IRS failed to provide them with a copy of the summons and notice required by statute. Additionally, the FitzGeralds challenge the legal authority of IRS agent to issue the summons; they attack the relevance of the records sought to legitimate IRS investigation; they claim that the IRS is merely seeking to harass themselves and their bank, insisting that agent Peters should be satisfied with the information submitted by them to the government; and that compliance with the summons is impossible.

Section 3405(2), Title 12, United States Code authorizes the government to obtain financial records by summons "only if" a copy of the summons has been "served upon the customer or mailed to his last known address on or before the date on which the subpoena or summons was served on the financial institution." As a further prerequisite, the customer must be provided a notice specifying the nature of the law enforcement inquiry. 12 U.S.C. § 3405(2).

The petitioners assert that because they were not *served* with a copy of the summons on or before the date the summons was served on the bank, the summons therefore must be quashed. However, the statute provides that the summons is to be served *or*

*mailed.* The petitioners do not aver that the summons was not mailed to them, and therefore, have not established that the IRS failed to provide them a copy of the summons in the manner required by statute.

The FitzGeralds also aver that the IRS did not provide them notice containing the requisite "specificity" of its law enforcement inquiry. However, because they have failed to provide the court with any information concerning the contents of notice they did receive, the court cannot evaluate the petitioners' claim. Accordingly, the FitzGeralds' argument is rejected.

The court has reviewed the balance of the FitzGeralds' assertions and finds them to be without merit.

Based on the foregoing, the petitioners' amended petition to quash the IRS summons (Dkt. No. 3) is **DENIED.**

**IT IS SO ORDERED.**

## AMENDED ORDER

On December 19, 1994, this court entered an order denying Douglas and Michelle Fitz-Gerald's amended petition to quash an IRS summons. Subsequent to the issuance of that order, the court discovered that some of the pleadings, although properly submitted to the court, had been misfiled. Consequently, the court did not have a complete record before it at the time of its ruling. The court has decided, on its own motion, to reconsider its earlier order in light of the additional pleadings.

The court has now reviewed the entire record, which consists of the FitzGeralds' petition to quash IRS third-party summons; the FitzGeralds' Amended petition to quash IRS third party-summons; the FitzGeralds' memorandum of points and authorities in support of the amended petition (including attached exhibits); the United States' response to the amended petition and its cross-petition to enforce summons; the United States' brief in opposition to the amended petition and in support of its cross-petition; the declaration of Gary Peters; and its proposed form of final judgment and enforcement order.

For the reasons explained below, the court now enters the following **AMENDED ORDER,** which shall supersede its previous order of December 19, 1994. As a result of the entry of this amended order, the FitzGeralds' application for extension of time, filed on January 19, 1995, is now moot.

### Background.

The record reflects that on August 24, 1994, the IRS issued and served a summons to First Security Bank directing the bank to produce certain financial records relating to Douglas and Michelle FitzGerald. On September 14, 1994, the FitzGeralds timely filed a petition to quash the IRS summons. They filed an amended petition to quash on September 22, 1994, together with a supporting memorandum.

On November 15, 1995, the United States filed its response to the FitzGeralds' amended petition, a cross-petition for an order of enforcement, a memorandum in support of its position, and the declaration of Gary Peters, the IRS agent who issued the summons.

### Jurisdiction.

This court has jurisdiction to hear and determine these matters pursuant to 26 U.S.C. §§ 7609(b)(2), 7609(h)(1); *see Liberty Fin. Servs. v. United States,* 778 F.2d 1390, 1392 (9th Cir.1985).

### Analysis.

Pursuant to the provisions of the Tax Equity and Fiscal Responsibility Act of 1982 ("TERFA"), the IRS may issue a summons for production of information relevant to "determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a). Under TERFA, the summons must be complied with unless a person entitled to notice commences a proceeding to quash not later than the 20th day after notice of the summons is given. 26 U.S.C. § 7609(b)(2)(A). The law further provides that in any proceeding to quash, the United States may seek to compel compliance with the summons in the same judicial proceeding. 26 U.S.C. § 7609(b)(2)(A).

■ In order to establish a prima facie case for enforcement of a summons, the government must make a "minimal showing" that (1) the summons was for a legitimate purpose; (2) the material being sought was relevant to the investigation; (3) the information was not already in the IRS's possession; and (4) the administrative steps required by the Internal Revenue Code had been followed. *See United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964); *United States v. Saunders,* 951 F.2d 1065, 1066 (9th Cir.1991). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. *United States v. Abrahams,* 905 F.2d 1276, 1280 (9th Cir. 1990).

■ Once the government establishes a prima facie case for enforcement of a summons, the burden then shifts to the taxpayer to show that the summons was issued for an improper purpose or was otherwise deficient. *Id.*

■ Here, the government submitted the sworn declaration of agent Peters explaining his investigation into the tax liability of the FitzGeralds for the years between June 1, 1987, and December 31, 1992, and that such investigation is necessary to determine whether the FitzGeralds might have committed any violations of the Internal Revenue Code or other laws. Peters further explains that the summoned material is necessary to assess the FitzGeralds' correct federal tax liability; that such materials are not already in the possession of the IRS; and that a Justice Department referral, as defined by 26 U.S.C. § 7602(c)(2), is not in effect as to the FitzGeralds. He also states that all administrative procedures required by the Internal Revenue Code have been followed, and that he served the summons on the bank and timely mailed by certified mail a copy of the summons to the FitzGeralds at their last known address.

By this declaration, the government has clearly satisfied its threshold burden to show that *Powell's* good-faith requirement has been met. The government is thus entitled to an order for enforcement of the IRS summons, unless the FitzGeralds show that the summons was issued for an improper purpose or is otherwise deficient. *Abrahams,* 905 F.2d at 1280.

The FitzGeralds contend that the IRS summons must be quashed on the following grounds: (1) the agency failed to comply with the statutory procedure governing notice and service of the summons; (2) that the summons failed to state with "reasonable specificity" the nature of the legitimate law enforcement inquiry; (3) that the summons seeks information relating to a criminal investigation of violations for which the statute of limitation has expired; (4) that the IRS agent issuing the summons lacked the statutory authority to do so; (5) that the summons was issued in bad faith and for an improper purpose; and (6) that compliance with the summons is impossible. The court will address these allegations in turn.

### 1. Compliance with notice provisions.

■ The FitzGeralds contend that the IRS summons must be quashed because the government failed to comply with the notice and service provisions of 12 U.S.C. § 3405. Section 3405 specifies the type of notice that must be provided when the government seeks an administrative summons from a financial institution. However, as noted by the government, section 3405 does *not* apply to an IRS administrative summons, as 12 U.S.C. § 3413(c) expressly exempts summonses issued under Title 26 from the notice requirements of section 3405.

Pursuant to 26 U.S.C. § 7609(a)(1)(B)—the controlling statute—the IRS was required to give notice to the FitzGeralds within three days after service on the bank. The declaration of Agent Peters affirmatively states that this statutorily required notice was timely mailed, and the FitzGeralds have alleged no contrary facts.

### 2. Lack of specificity.

■ The FitzGeralds further argue that the summons was deficient because it failed to "state with 'reasonable specificity' the nature of the law enforcement inquiry," as required under 12 U.S.C. § 3405. Again, the FitzGeralds' reliance on section 3405 of Title 12 is misplaced. Under the controlling statute, 26 U.S.C. § 7609, there is no requirement that the summons contain such a statement. The FitzGeralds' assertion is therefore rejected.

### 3. Relevance—Criminal Investigation.

The FitzGeralds further maintain that the information sought by the summons relates to a criminal investigation into violations for which the statute of limitation has expired. Accordingly, the FitzGeralds continue, the requested information is not relevant to any legitimate investigative purpose.

The court has reviewed the record, including the summons itself and the declaration of Agent Peters, and finds this contention to be totally without merit. There has been no showing that the summons was issued pursuant to any criminal investigation. To the contrary, the declaration of Agent Peters indicates that the purpose of the summons was to determine whether the FitzGeralds have violated the Internal Revenue Code or other laws, and that no Justice Department referral is in effect. The FitzGeralds' claim is therefore rejected.

### 4. Authority to issue summons.

■ The FitzGeralds next argue that the IRS agent issuing the summons lacked the statutory authority to do so. This contention, too, lacks merit. As a delegate of the Secretary of the Treasury, the IRS has authority to issue a summons to investigate a taxpayer's federal income tax liability. The Commissioner has authority to redelegate this authority. *See* 26 U.S.C. § 7701(a)(11)(B), (12)(A); *see, e.g.* Treas. Dep't Order No. 150–10 (April 22, 1982). The FitzGeralds "challenge" Agent Peters to produce a certified copy of this delegation order, claiming their compliance with the summons is not required without such a production.

However, the Ninth Circuit Court of Appeals has ruled that the failure to publish such delegation orders does not invalidate a summons as such orders have "no legal impact on, or significance for, the general public" but simply effect "a shifting of responsibilities wholly internal to the Treasury Department." *Saunders*, 951 F.2d at 1068. Accordingly, the FitzGeralds' claim that

Agent Peters was without the authority to issue the summons is rejected.

### 5. *Bad faith and improper purpose.*

■ The FitzGeralds also allege that the summons was issued in bad faith and for an improper purpose. However, by its submission of the sworn declaration of Agent Peters, the government has satisfied its burden to show that *Powell's* good-faith requirement have been met. The FitzGeralds, on the other hand, have offered nothing to support their bald allegations of bad faith and harassment. Furthermore, their contention that the summons is "too broad" is not well taken. The information requested in the summons is clearly relevant, as it might throw light upon the correctness of the taxpayers' returns. *See United States v. Noall,* 587 F.2d 123, 125 (2d Cir.1978). The court also rejects as unsupported the FitzGeralds' contention that Agent Peters has "all the information to which he is entitled."

### 6. *Impossibility.*

■ Finally, the FitzGeralds' claim that the summons must be quashed on the ground that compliance is impossible. The court finds that the FitzGeralds lack standing to raise this defense. Such defense to compliance, if valid, should properly be made by the party of whom compliance is requested; that is, by the bank. The FitzGeralds' claim, therefore, is rejected.

### Conclusion.

Based on the foregoing,

**IT IS HEREBY ORDERED** that the FitzGeralds' amended petition to quash the summons (Dkt. No. 3), is **DENIED;** the government's cross-petition for enforcement of summons (Dkt. No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that First Security Bank in Boise, Idaho, shall comply with and obey the summons served upon it by appearing at the Internal Revenue Service office in Boise, Idaho, before Special Agent Peters, at a time to be agreed upon by the parties but not later than twenty (20) days after the entry of this order, then and there to be sworn, to give testimony, and to produce for examination and copying the records, documents, and other data demanded by the summons served upon it.

**IT IS FURTHER ORDERED** that the FitzGeralds' January 19, 1995, application for extension of time to file an appeal from the court's previous order (Dkt. No. 8) is **DENIED AS MOOT.**