Margaret VANDERHOOF, Plaintiff,

v.

COMMISSIONER OF THE INTERNAL REVENUE SERVICE, Defendant.

No. CV F 99–5638 AWI SMS.

United States District Court, E.D. California.

Aug. 18, 1999.

G. Patrick Jennings, U.S. Dept. of Justice, Tax Div., Washington, DC, for C.I.R.

Margaret Vanderhoof, Woodlake, CA, pro se.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUMMONS AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY ENFORCEMENT OF SUMMONS [Docs. 1, 11, 23]

ISHII, District Judge.

Plaintiff Margaret Vanderhoof ("Vanderhoof") challenges the validity of twelve summonses issued by defendant Commissioner of the Internal Revenue Service ("IRS") to third parties who allegedly possess records of Vanderhoof's investment income for the tax years 1996 and 1997. The IRS requests an order summarily enforcing the summons.

The court has jurisdiction over this proceeding. 26 U.S.C. § 7609(h)(1).

### PROCEDURAL AND FACTUAL BACKGROUND

IRS agent Calvin was assigned to investigate the income tax liabilities of Robert and Margaret Vanderhoof for the tax years of 1996 and 1997. Twelve summonses were issued pursuant to 26 U.S.C. § 7602 on October 21, 1998 to third party record keepers whom the IRS believes may have information and/or records pertaining to assets of the Vanderhoofs, that in turn may be relevant to an IRS investigation concerning the Vanderhoofs' federal tax liabilities for the tax years 1996 and 1997. The eleven third-party record keepers who received summonses are: Dean Witter Reynolds, Inc., Dean Witter Trust Company, P–B Energy Inc. Fund 111 P–12, Polaris Energy Fund 11 Ltd. (two addresses), Prudential Cal Muni Series FD Class A, LP Equity Resources 11 Inc., Luvre Investments, Inc., Luvre Properties, Inc., Merrill Lynch Pierce Fenner & Smith, Inc., American Funds Service Committee, and Washington Mutual Investors Fund. Agent Calvin also sent copies of the third party summonses to the Vanderhoofs on or about October 22, 1998 pursuant to 26 U.S.C. § 7609(a)(1). Robert Vander-

hoof was deceased at the time of the service of the summonses.

The motion to quash was filed by Margaret Vanderhoof pursuant to 26 U.S.C. § 7609(b)(2)(A), supported by two declarations by Vanderhoof. The IRS filed opposition, and a cross-motion seeking summary enforcement of the summonses. The Magistrate Judge heard oral argument on the motions April 30, 1999, and subsequently issued on May 4, 1999 a Findings and Recommendations report, recommending that Vanderhoof's motion to quash be denied and that IRS's motion to enforce summons be granted.

Following the issuance of the Findings and Recommendations report, Vanderhoof timely filed a document entitled "Notice of Motion And Motion for Reconsideration And Objections to Magistrate's Recommendations And Order,"[1] and a declaration in support of the objections, which was later amended. The IRS responded with a memorandum in opposition to Vanderhoof's objections on May 27, 1999.

### LEGAL STANDARD

■ When timely objections to findings by a magistrate judge are filed, the district court must conduct a de novo determination of the findings. 28 U.S.C. § 636(b)(1). Regardless of whether objections to findings are filed, the district court must conduct a de novo review of the magistrate judge's recommendations as to issues of law. The district court may adopt, reject, or modify in part or in full the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).

### DISCUSSION

For the modified reasons below, the court adopts the recommendation that Vanderhoof's motion to quash be denied. The court does not adopt the recommendation that the IRS' cross-motion seeking summary enforcement be granted because the IRS fails to show the existence of a predicate controversy necessary before the

court will issue a coercive order of enforcement against the third parties.

### I. The Motion To Quash Is Denied

The court first de novo reviews the contentions made by Vanderhoof and the IRS presented to the Magistrate Judge, and finds that the grounds presented by Vanderhoof are insufficient to quash the third party summonses.

#### A. Relevance of the Summonses

Vanderhoof's first allegation is that the summonses do not show relevance. 26 U.S.C. § 7602(a)(1) provides:

(a) Authority to summon, etc.—For the purposes of . . . determining the liability of any person for any internal revenue tax . . ., the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry

■ Relevance is one of four requirements for summonses required under *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The four *Powell* requirements are that "the investigation is conducted pursuant to a relevant purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the code have been followed." *Id.* at 57–58, 85 S.Ct. 248.

The IRS relies upon a number of cases that establish that *Powell* requirements may be met "merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." *La Mura v. United States,* 765 F.2d 974, 979 (11th Cir.1985); *see United States v. Samuels Kramer and Co.,* 712 F.2d 1342, 1344–45 (9th Cir.1983). The IRS submits the declaration of Agent Calvin, who asserts at ¶ 7 that "[i]t was determined that the third-party record keepers may have information and/or records pertinent to assets

---

1. On July 1, 1999, the court issued an order construing this document to be objections to the May 4, 1999 Finding and Recommendations Report.

of the taxpayers that may be relevant to the Internal Revenue Service in its investigation to determine [Vanderhoof's] correct federal tax liabilities for the tax years 1996 and 1997."

■ Calvin's declaration is sufficient to prima facie establish that the information sought is for a legitimate purpose, namely the determination of the liability of a person for internal revenue tax, and that the information sought for that legitimate purpose is relevant because the IRS believes that the third party record keepers may have information pertinent to assets of Vanderhoof. Accordingly, the IRS has made a prima facie showing that the requirements of legitimate purpose and relevance have been met.

■ To rebut this prima facie showing, Vanderhoof relies upon the unpublished opinion in *Gordon W. Johnson v. United States*, 98 TNT 91–22 (E.D.Cal.1998) for the proposition that the "IRS must offer more than a generic explanation of relevance." The plain language of 26 U.S.C. § 7602(a)(1) provides that the issuance of a summons is authorized for the purpose of "ascertaining the correctness of any tax return." The IRS offers evidence from Agent Calvin that the third parties were selected based on Vanderhoof's prior tax returns and on income reported to the IRS. Essentially, this means that the IRS has received externally verifiable information from institutional statements and from the Vanderhoofs' past tax returns that establish that the summoned institutions may have information related to Vanderhoof's income for the tax years in question. This is more than a "generic explanation of relevance." The IRS must show only that the summoned material "might throw light upon the correctness of the return," *David H. Tedder & Associates v. United States*, 77 F.3d 1166, 1168 (9th Cir.1996) (quoting *United States v. Arthur Young & Co.*, 465 U.S. 805, 813–15 & n. 11, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984)), a showing that is made by the IRS in this proceeding.

Vanderhoof also maintains that the IRS cannot establish relevance in the absence of an ongoing audit, plus a specific showing that the requested information is relevant to that audit. *Powell*, however, holds that the IRS' power to issue a summons is not linked to probable cause or to suspicion of fraud or other wrongdoing:

> In *United States v. Morton Salt Co.*, [citation omitted], the court said of the Federal Trade Commission, 'It has a power of inquisition, if one chooses to call it that, which is not derived from the judicial function. It is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not.' While the power of the [IRS] derives from a different body of statutes, we do not think the analogies to other agency situations are without force when the scope of the Commissioner's power is called into question. Reading the statute as we do, the Commissioner need not meet any standard of probable cause to obtain enforcement of his summons.

*Powell*, 379 U.S. at 57, 85 S.Ct. 248.

■ Vanderhoof's assertion that a showing of relevance can only be established if there is an ongoing audit must be rejected because the IRS need not establish any cause for investigation beyond the stated purpose of ascertaining the tax liabilities of the taxpayer. While this might occur in the context of an audit, it need not necessarily be so.

For the reasons stated above, the court rejects Vanderhoof's contention that the summonses were invalid because they lacked the requisite relevance.

### B. Use Immunity

Vanderhoof contends that the IRS may not compel the third parties to deliver the requested documents unless the IRS offers use immunity under 18 U.S.C. §§ 6002, 6003. She cites *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984) for that proposition.

■ To the extent that Vanderhoof may be referring to use immunity that might be offered to the third parties, she lacks standing to raise the issue on behalf of the third parties.

In terms of whether Vanderhoof must be offered use immunity, *Doe* addresses potential liabilities connected with the act of producing records when the record holder is also the subject of the investigation. While the Court determined that the record holder did not hold a Fifth Amendment privilege in the records themselves, it held that the acts of producing and authenticating the records may be incriminating and therefore privileged under the Fifth Amendment, and that such self incriminating acts cannot be compelled by the government without a grant of immunity. *Id.* at 612, 104 S.Ct. 1237. Here, third parties, not the party under investigation, are being summoned to produce the records. Because no one holds a Fifth Amendment privilege in the records themselves and Vanderhoof is not being directed to produce and/or authenticate any records, Vanderhoof's contention that she is entitled to use immunity lacks merit.

## C. Use of Form 2039

Vanderhoof asserts that the IRS is not authorized to issue the particular summons form provided to the third parties for the purpose of obtaining information from institutions within the United States, and that the inappropriate use of the form constitutes an invasion of her privacy rights.

■ In support of the first of these two contentions, Vanderhoof offers a copy of what appears to be a representation of a Form 2039 summons, and she refers to the copy as the "internal use copy."[2] Vanderhoof appends the "internal use copy" to her supplemental declaration without any

explanation of its origin. At the top of the page, above the area that represents an actual Form 2039, a line reads "[illegible number] Obtaining Evidence from Abroad Administratively." From this caption, Vanderhoof apparently concludes that the legitimate use of the summons Form 2039 is confined to the acquisition of information located in other countries. Vanderhoof invites the court to "take judicial notice of the 'internal use copy.'" The court declines to take judicial notice of an ambiguous caption on a photocopy from an undisclosed source, at least for the purpose of proving a limitation on the applicability of the summonses delivered to the third-party record keepers.[3] Vanderhoof provides no legally cognizable argument that the summons form is invalid for the purpose of obtaining information that may be held by institutions within the United States.

■ Vanderhoof asserts that when the IRS inappropriately used the Form 2039 summonses, it was acting for no purpose other than to violate her privacy rights. As set forth above, the court has no basis to conclude that use of the particular form was inappropriate. Also, Vanderhoof does not have a legitimate privacy interest in bank records and similar documents such that her Fourth Amendment rights would be violated by the disclosures required by the summonses. *See United States v. Miller,* 425 U.S. 435, 443, 96 S.Ct. 1619, 1624, 48 L.Ed.2d 71 (1976) ("the depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government").

## D. Attestation of Summonses

■ Vanderhoof contends, referring to copies of the summonses that were sent to her, that the summonses are invalid because they are not attested in accordance

---

**2.** The quality of the copy is poor and is approximately two-thirds the size of the regular form. The "internal use copy" appears to contain instructional text to inform the reader what information is to be supplied in blank spaces.

**3.** The court notes that one of several meanings of the word "abroad" is "in circulation throughout society or the world" or "in evidence." Webster's Third New World Dictionary, Unabridged.

with 26 U.S.C. § 7603. This argument fails because the Ninth Circuit holds that the copy of the summonses to third-party record keepers served upon the taxpayer need not be attested. *Fortney v. United States*, 59 F.3d 117 (9th Cir.1995).

### E. Lack Of Indemnification Statement On Summonses

 Vanderhoof asserts that the summonses are procedurally invalid because the summonses do not state that the third parties are entitled to indemnification. Vanderhoof lacks standing to raise this issue on behalf of third-parties. Further, while indemnification for third-party record keepers is discussed in 26 U.S.C. § 7609(i)(3) ("any summoned party ... making a disclosure of records or testimony pursuant to this section ... requiring production of records ... shall not be liable to any customer or other person for such disclosure"), the court finds no requirement that the indemnification information must be printed on the summons in order to create a valid summons.

### F. The Objects of the Information Requested By The Summonses

Vanderhoof maintains that the objects of the information requested by the summonses are confined to revenues from gasoline sales and manufacture or from the sale or manufacture of liquor, tobacco or firearms. Vanderhoof supports this assertion by pointing to the language on the back of the summons form, which reproduces 26 U.S.C. § 7609(c)(1):

(c) Summons to which section [Special procedures for third party summons] applies.

(1) In General.—Except as provided in paragraph (2), a summons is described in this subsection if it is issued under paragraph (2) of section 7602(a) or under section 6420(e)(2), 6421(g)(2), or 6427(j)(2) and requires the production of records.

Vanderhoof asserts that the last three Sections, 6420(e)(2), 6421(g)(2), and 6427(j)(2), refer to revenues from gasoline sales or manufacture, and that the summonses are therefore inapplicable for the purpose of securing information about her personal financial affairs. Vanderhoof achieves this conclusion by failing to consider the first part of the sentence, which refers to "paragraph (2)," meaning 26 U.S.C. § 7602(a)(2):

For the purpose of ascertaining the correctness of any return ... the Secretary is authorized—

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time place named in the summons and to produce such books, papers records or other data

Nothing in 26 U.S.C. § 7602(a)(2) restricts the use of third party summons to requests for records related to the sale or manufacture of gasoline, tobacco, firearms or liquor.

### II. Vanderhoof's Objections Are Overruled

Vanderhoof submitted two declarations after the hearing before the Magistrate Judge, which the court considers on the merits, construing them to be objections to the Findings and Recommendations report. An examination of those declarations indicates that the vast majority of the issues presented are identical to those offered before the Magistrate Judge, and are subsequently overruled for the reasons set forth above.

The two later declarations raise only one issue not raised in either Vanderhoof's original Declaration or Supplemental Declaration, which is whether the IRS Agent has the proper delegated authority from the Secretary of the Treasury to issues summonses. The matter is settled in the

Ninth Circuit. The authority to issue summonses under 26 U.S.C. § 7602(a)(2) is properly vested in Internal Revenue agents by Internal Revenue Service Delegation Order No. 4 (Rev.20) (1990). *United States v. Saunders,* 951 F.2d 1065, 1067–68 (9th Cir.1991).

■ Vanderhoof also alleges, in passing, that a number of her rights have been violated. To the extent these allegations have not been addressed above, including alleged violations of Vanderhoof's First and Ninth Amendment rights, or that she was harassed, the court finds that these allegations are not supported by case law or by any argument other than mere conclusory statements, and cannot be further addressed. Unsupported contentions are deemed waived. *FDIC v. Garner,* 126 F.3d 1138, 1145 (9th Cir.1997) (arguments are waived when no case law or argument in support of the contention is presented).

*III. The IRS' Motion For An Order Summarily Enforcing The Third Party Summonses Is Denied Without Prejudice*

■ 26 U.S.C. § 7604(b) authorizes the IRS to seek enforcement of summons when a taxpayer has filed a motion to quash. Courts in this circuit "have consistently acknowledged the propriety of such action." *Saunders,* 951 F.2d at 1067. The court may therefore issue an order to compel the production of records from non-compliant third-party record keepers upon a proper showing.

■ In the absence of any showing by the IRS that a third party has failed to comply, the court declines to issue a coercive order summarily enforcing the summons. The IRS does not contend that any of the third-parties have failed to comply with the summonses, and did not file a proof of service indicating that it served its motion upon any of the third parties who would be subject to the order. Further, the IRS offers evidence from Agent Calvin at ¶ 8 of her declaration that at least some of the records sought are currently in the possession of IRS, the reasonable inference being that at least some of the third parties complied. Therefore the IRS fails to state the existence of any controversy between it and any third party that would require the court to consider issuing a coercive order against any summoned third party.

Should the IRS believe such a controversy exists, and that it can show cause why a court order should issue directing that any or all of the third parties must comply within a certain date or face contempt sanctions, the IRS may re-new its motion and give notice to the third party or parties that IRS alleges have not complied.

### ORDER

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that

1. Vanderhoof's motion to quash summons is DENIED;

2. The IRS' motion for summary enforcement of summons is DENIED without prejudice; and

3. the Clerk is directed to serve, in addition to the parties to this proceeding, a copy of this Memorandum Opinion and Order to the following eleven entities:

Trust Agent
American Funds Service Company
135 S. State College Blvd.
Brea, CA 92621

Trust Agent
Dean Witter Trust Company
Harborside Financial Ctr. Plaza Two
Jersey City, NJ 07311–3977

Washington Mutual Investors Fund
135 S. State College Blvd.
Brea, CA 92622

Merrill Lynch Pierce Fenner &
Smith, Inc.
Financial Data Services
300 Davidson Ave.
Somerset, NJ 08873

Luvre Properties, Inc.
5990 N. Sepulveda Blvd. Suite 610
Van Nuys, CA 91411 0000
LP Equity Resources 11, Inc.
P.O. Box 8159
Calabasas, CA 91372–8159
Trust Agent
Prudential Cal Muni Series FD Class A
Raritan Plaza 1
Edison, NJ 08837 3623
Polaris Energy Fund 11, Ltd.
27125 Calle Arroyo Ste 2021
San Juan Capistrano, CA 92675
Polaris Energy Fund 11, Ltd.
23344 El Toro Road
Lake Forest, CA 92630
P–B Energy Inc. Fund 111 P–12
109 Northpard Blvd.
Covington, LA 70433
Dean Witter, Reynolds Inc.
1000 Belleview
Dallas, TX 75214–1833