# Applicability of APA Notice and Comment Procedures to Revocation of Delegation of Authority

The Secretary of Commerce may revoke a delegation to the Director of the Census without submitting the revocation to the notice and comment procedures of the Administrative Procedure Act, notwithstanding the fact that the Secretary voluntarily elected to follow those procedures in issuing the delegation.

February 14, 2001

MEMORANDUM OPINION FOR THE ACTING GENERAL COUNSEL
DEPARTMENT OF COMMERCE

You have asked whether the Secretary of Commerce ("Secretary") must comply with the notice and comment provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553 (1994), in order to revoke his delegation of authority to the Director of the Census to make the final determination on the methodology to be used in calculating the tabulations of population reported to the States and localities under 13 U.S.C. § 141(c) (1994). *See* 65 Fed. Reg. 59,713, 59,716 (2000) (to be codified at 15 C.F.R. § 101.1). The regulation at issue also establishes an executive steering committee, composed of employees of the Bureau of the Census, which is to prepare a report to the Director of the Census recommending a methodology. *Id*. § 101.1(b). Although we have found no case definitively establishing the proposition, we believe that the Secretary may revoke this delegation of authority, including the establishment of a steering committee, without submitting the revocation to the notice and comment procedures of the APA.

Section 553(a)(2) of the APA, which generally requires rulemaking to provide for notice and comment, "applies, according to the provisions thereof, except to the extent that there is involved—a matter relating to agency management or personnel . . . ." An internal delegation of administrative authority, such as the one in 15 C.F.R. § 101.1(a) vesting authority in the Director of the Census, does not adversely affect members of the public and involves an agency management decision that is exempt from the notice and comment rulemaking procedures of the APA. *See United States v. Saunders*, 951 F.2d 1065, 1068 (9th Cir. 1991) (delegations of authority have "no legal impact on, or significance for, the general public," and therefore "simply effect[] a shifting of responsibilities wholly internal to the Treasury Department"); *Lonsdale v. United States*, 919 F.2d 1440, 1446 (10th Cir. 1990) ("APA does not require publication of [rules] which internally delegate authority to enforce the Internal Revenue laws"); *United States v. Goodman*, 605 F.2d 870, 887-88 (5th Cir. 1979) (unpublished delegation of authority from Attorney General to Acting Administrator of the DEA did not violate APA); *Hogg v. United States*, 428 F.2d 274, 280 (6th Cir. 1970) (where

taxpayer would not be adversely affected by the internal delegations of authority from the Attorney General, APA does not require publication). The portion of the regulation that provides for a committee, composed of Census Bureau employees, which makes a recommendation to the Director of the Census, 15 C.F.R. § 101.1(b), is also an internal delegation of the Secretary's statutory authority under 13 U.S.C. § 141(c) to determine the methodology to be used in calculating the tabulations. Therefore, like subsection (a) of 15 C.F.R. § 101.1, it is an internal rule relating to agency management, ordinarily exempt from the notice and comment rulemaking procedures of the APA.

Despite the statutory exemption in 5 U.S.C. § 553(a)(2), the Secretary elected to comply with the notice and comment provisions of the APA in issuing this delegation. *See* 65 Fed. Reg. 38,370-71 (2000) (proposed rule and commentary); 65 Fed. Reg. 59,713-16 (2000) (comments and responses, final rule); 65 Fed. Reg. 73,643 (2000) (final rule effective). The question here is whether the promulgation of a new rule revoking the Secretary's delegation must also comply with the notice and comment procedures of the APA.[1] Because a rule regarding the Secretary's delegation or reservation of his authority is a matter of internal management that is exempt from the notice and comment provisions of the APA, the Secretary is not required to follow the notice and comment procedures for later delegations or revocations of delegations, unless his decision to submit the original delegation of authority to the APA process is a waiver of the applicability of the exemption to future delegations of this nature.[2]

We have found no support for the proposition that the Secretary, having voluntarily complied with the APA notice and comment provisions in promulgating a particular rule, but expressing no commitment to do so in the future, must continue to comply with those provisions in the issuance of later rules affecting the existing one. To be sure, there is a line of cases holding that an agency that has waived the exemption found in section 553(a) of the APA is required to comply with the APA procedures in rulemaking as long as the waiver is effective. *See, e.g.*, *Buschmann v. Schweiker*, 676 F.2d 352, 356 n.4 (9th Cir. 1982) (policy statement requiring HHS to use notice and comment provisions of APA acts as a waiver of exemption); *Rodway v. U.S. Dep't of Agriculture*, 514 F.2d 809, 814 (D.C. Cir. 1975) (USDA regulation making procedural requirements of section 4 of the APA

---

[1] We note that, although validly promulgated regulations have the full force and effect of law, *Rodway v. United States Dep't of Agriculture*, 514 F.2d 809, 814 (D.C. Cir. 1975), section 101.1 may not even be enforceable as to the Secretary. 3 Jacob A. Stein et al., *Administrative Law* § 13.03[2] (2000) ("The rule [that a valid regulation has the force and effect of law] does not apply to agency violations that are intended to regulate internal agency procedures rather than to protect any interest of the objecting party."). *Cf. Garner v. Jones*, 529 U.S. 244, 256 (2000) (court presumed, in a case involving an internal rule that affected the rights of prisoners, that an agency follows its internal policies) (citing *Accardi v. Shaughnessy*, 347 U.S. 260, 266-68 (1954)).

[2] We are aware of no law that otherwise requires regulations published in the Code of Federal Regulations to be repealed or revoked only by notice and comment.

applicable to all of its rulemaking relating to benefits bound the agency to comply thereafter with the notice and comment procedures of the APA). However, in these cases, the agency had issued a valid rule committing itself to following the notice and comment provisions of the APA. *Id*. The courts' holdings, therefore, rest on the principle that an agency is bound to follow validly issued administrative regulations. *Id*. Here, the Secretary has made no such commitment, either informally or formally. On the contrary, the regulation itself expressly provides that:

> Nothing in this section diminishes the authority of the Secretary of Commerce to revoke or amend this delegation of authority or relieves the Secretary of Commerce of responsibility for any decision made by the Director of the Census pursuant to this delegation.

15 C.F.R. § 101.1(a)(5).

To require the Secretary to use a notice and comment process in repealing or amending section 101.1 plainly would "diminish[]" his authority to dictate the management processes of his Department. Subsection (a)(5) was added in response to a comment that expressed concern that section 101.1 would divest the Secretary of his statutory responsibility, and, in the words of the Secretary, was intended to "erase any doubt that the delegation of authority is not a divestiture of obligations or responsibility by the Secretary." 65 Fed. Reg. at 59,715. The additional text was intended to make explicit "that nothing in the rule diminishes the authority of the Secretary of Commerce to revoke this delegation of authority . . . ." *Id*.[3] Moreover, binding agencies to continue to comply with the APA's notice and comment procedures with respect to rules for which they have voluntarily sought public comment, but which do not affect even the procedural rights of persons outside the agencies, might actually discourage them from seeking the public's view because of a reluctance to limit their future flexibility to amend or repeal such a rule. We believe, therefore, that the Secretary is free to issue a new rule revoking his prior delegation without subjecting that rule to the notice and comment procedures of the APA. *Cf. Nolan v. United States*, 44 Fed. Cl. 49, 57 n.5 (1999) (acknowledging that Secretary of Transportation's internal memorandum delegating authority to a subordinate without notice and comment may have superseded the regulation reserving that authority to the Secretary until the next

---

[3] The Secretary's response to this comment also states that: "It is unassailable that a rule revoking the delegation would be effective, if it satisfied the requirements of the Administrative Procedure Act and other applicable legal standards." *Id*. In light of both the overall context of the Secretary's response and his addition of the language found in subsection (5), we do not read this statement as a waiver of the exemption provided under subsection (a)(2) of section 553. Rather, it appears to be a general statement of the law, which is that any rulemaking by the Secretary must be consistent with the provisions of the APA and other provisions of law. In this case, the rule falls within the APA's exemption for internal rulemaking and therefore is not subject to the notice and comment provisions of the APA.

annual issuance of that reservation in the Code of Federal Regulations). Although the Secretary's delegation of authority is now embodied in a valid regulation, the APA does not require the issuance of rules relating to delegations of this sort to be subject to notice and comment.[4]

DANIEL L. KOFFSKY
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[4] At least as a prudential matter, we would suggest that any rule revoking or amending section 101.1 be published in the Federal Register. There is some authority for the proposition that a published regulation, even if it is a delegation that would not ordinarily be required to be published, can only be revoked by a published revocation. *See Nolan*, 44 Fed. Cl. at 58-59. This view is based on 44 U.S.C. § 1510(e) (1994), which provides that publication in the Federal Register and Code of Federal Regulations of codified documents is prima facie evidence that they are in effect on and after the date of publication, as well as the concept that a failure to publish notice of the change of policy could adversely affect members of the public. *Id*. Although we do not believe that failure to publish a revocation here would have an adverse impact on the public, publication of the revocation would promote the notice function of the Federal Register and Code of Federal Regulations, upon which the public relies.