UNITED STATES of America; Robert Glassburner, Revenue Agent, Internal Revenue Service, Petitioners—Appellees,

v.

George L. BENOIT; Nancy Benoit, Respondents—Appellants.

No. 00–16268.

D.C. No. MISC–00–0084–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 22, 2001.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

472

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

MEMORANDUM [2]

George L. Benoit and Nancy Benoit appeal pro se the district court's order enforcing the Internal Revenue Service's ("IRS") summons to appear before an IRS officer and produce documents and records related to their federal income tax liability. The Benoits contend the summons is improper because the IRS had made no finding of any tax liability owed by the Benoits. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error, *United States v. Derr*, 968 F.2d 943, 945 (9th Cir.1992), and affirm.

 The IRS may issue a summons for production of information relevant to "determining the liability of any person for internal revenue tax." I.R.C. § 7602(a). To establish a prima facie case for enforcement of a summons, the government must show that: (1) the summons was for a legitimate purpose, (2) the material being sought was relevant to the investigation, (3) the information was not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. *See United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *United States v. Saunders*, 951 F.2d 1065, 1067 (9th Cir.1991). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. *United States v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir. 1990). The burden then shifts to the taxpayer to show that the summons was issued for an improper purpose or was otherwise deficient. *Id.*

 Here, the sworn declaration by Revenue Agent Robert Glassburner satisfied the government's "minimal" burden of showing that the summons was issued for

a proper purpose. *See id.* Additionally, there is no requirement that the IRS make an assessment or show that the Benoits have a tax liability before issuing a summons, since the IRS may issue a summons to investigate possible tax liability. *See* I.R.C. § 7602; *Saunders,* 951 F.2d at 1067.

We reject as frivolous the Benoits' contentions that the IRS has no valid jurisdiction over them and that the summons was invalid because it failed to comply with the attestation requirements of 26 U.S.C. § 7603. Because the district court did not clearly err by enforcing the IRS summons, we

AFFIRM.

Before GOODWIN, LEAVY, and THOMAS, Circuit Judges.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.